[Cite as *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas,* **125 Ohio St.3d 402, 2010-Ohio-1808.**]

THE STATE EX REL. PRUITT, APPELLANT, *v.* CUYAHOGA COUNTY COURT OF

COMMON PLEAS ET AL., APPELLEES.

[Cite as *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas,*

**125 Ohio St.3d 402, 2010-Ohio-1808.**]

*Appeal from dismissal of a petition for a writ of mandamus — Act complained of*

*already performed — Adequate remedy at law — Judgment affirmed.*

(No. 2010-0005 — Submitted April 20, 2010 — Decided April 28, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 94155, 2009-Ohio-6657.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals dismissing the complaint of appellant, Michael Jarmal Pruitt, for a writ of mandamus to compel appellees, Cuyahoga County Court of Common Pleas and Judge Michael P. Donnelly, to issue a revised sentencing entry that is final and appealable, albeit for reasons different from those expressed by the appellate court.

**{¶ 2}** We agree with Pruitt that if a trial court has not issued a final, appealable order and refuses to issue a revised sentencing entry, the defendant can seek to compel the court to act by filing an action for a writ of mandamus or a writ of procedendo. See *McAllister v. Smith*, 119 Ohio St.3d 163, 2008-Ohio-3881, 892 N.E.2d 914, ¶ 8; *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805.

**{¶ 3}** Nevertheless, Pruitt's November 19, 2004 sentencing entry constituted a final, appealable order. That entry fully complied with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163,

syllabus, by including his guilty plea, the sentence, the judge's signature, and the entry upon the journal by the clerk of court.

{¶ 4} Moreover, notwithstanding Pruitt's assertions to the contrary, that sentencing entry sufficiently included language that postrelease control was part of his sentence so as to afford him sufficient notice to raise any claimed errors on appeal rather than by extraordinary writ. See *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 51-53 (although petitioners' sentencing entries mistakenly included wording suggesting that postrelease control was discretionary rather than mandatory, they were sufficient to authorize the Adult Parole Authority to impose postrelease control, and petitioners had an adequate remedy at law by appeal to raise any sentencing error).

{¶ 5} Finally, the trial court has already resentenced Pruitt on two separate occasions. See *State v. Pruitt*, Cuyahoga App. No. 91205, 2009-Ohio-859, ¶ 6-8. "Mandamus will not compel the performance of an act that has already been performed." *State ex rel. Dehler v. Kelly*, 123 Ohio St.3d 297, 2009-Ohio-5259, 915 N.E.2d 1223, ¶ 1.

{¶ 6} Therefore, the sentencing court and judge did not err in denying Pruitt's motion for a revised or corrected sentencing entry, and Pruitt is not entitled to a writ of mandamus to compel them to issue a new sentencing entry.

Judgment affirmed.

PFEIFER, ACTING C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., dissents.

The late CHIEF JUSTICE THOMAS J. MOYER did not participate in the decision in this case.

_____

Michael Jarmal Pruitt, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellees.

_____