THE STATE EX REL. ALICEA, APPELLANT, *v.* KRICHBAUM, JUDGE, APPELLEE.

[Cite as *State ex rel. Alicea v. Krichbaum*,

126 Ohio St.3d 194, 2010-Ohio-3234.]

*Criminal procedure — Crim.R. 32(C) — Requirements for judgment entry of conviction.*

(No. 2010-0430 — Submitted July 6, 2010 — Decided July 14, 2010.)

APPEAL from the Court of Appeals for Mahoning County,

No. 09 MA 213, 2010-Ohio-610.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the complaint of appellant, Clemente Alicea, for a writ of mandamus to compel appellee, Mahoning County Court of Common Pleas Judge R. Scott Krichbaum, to hold a new sentencing hearing. Alicea claims that his 1999 sentencing entry was not a final, appealable order because it did not include any indication of the manner of his conviction as required by Crim.R. 32(C).

{¶ 2} Alicea's claim lacks merit for two reasons. First, the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing. *State ex rel. Culgan v. Medina Cty. Court of Common Pleas*, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, ¶ 8-10. Second, Alicea's sentencing entry fully complied with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus. The entry specified that Alicea was found guilty of rape after a jury trial. Therefore, the sentencing entry constituted a final, appealable order, and Alicea is not entitled to a new sentencing entry. *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722.

**{¶ 3}** Therefore, the court of appeals properly dismissed Alicea's complaint for a writ of mandamus.

Judgment affirmed.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Clemente Alicea, pro se.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Ralph M. Rivera, Assistant Prosecuting Attorney, for appellee.

_____