THE STATE EX REL. DAVIS, APPELLANT, *v.* CUYAHOGA COUNTY

COURT OF COMMON PLEAS ET AL., APPELLEES.

[Cite as *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*,

127 Ohio St.3d 29, 2010-Ohio-4728.]

*Mandamus — Criminal sentencing — Final, appealable order — Mandamus not available to correct sentence to "resolve" counts for which there were no convictions or for which postrelease control was erroneously imposed — Adequate remedy at law — Sentencing errors not jurisdictional and not remediable by extraordinary writ.*

(No. 2010-0677 — Submitted September 28, 2010 — Decided October 14, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 93814, 2010-Ohio-1066.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals denying a writ of mandamus to compel appellees, the Cuyahoga County Court of Common Pleas and Judge Bridget M. McCafferty,[1] to issue a new sentencing order for appellant, James A. Davis Jr., so that it will be a final, appealable order.

{¶ 2} Notwithstanding Davis's claims, his sentencing entry was a final, appealable order. As the court of appeals correctly concluded, our holding in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, "requires a full resolution of those counts *for which there were convictions*. It does not require a reiteration of those counts and specifications for which there

_____

1. As of the date of this opinion, Judge McCafferty has been disqualified from acting as a judge pursuant to Gov.Jud.R. III(6)(A). Judge William J. Coyne has been appointed to act on matters on her docket.

were no convictions, but were resolved in other ways, such as dismissals, nolled counts, or not guilty findings." (Emphasis added.) *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, Cuyahoga App. No. 93814, 2010-Ohio-1066, ¶ 8. And the erroneous inclusion of postrelease control in Davis's original sentencing entry[2] constituted mere error for which he had an adequate remedy in the ordinary course of law by way of appeal. See, e.g., *Manns v. Gansheimer*, 117 Ohio St.3d 251, 2008-Ohio-851, 883 N.E.2d 431, ¶ 6 ("sentencing errors are not jurisdictional and are not remediable" by extraordinary writ); *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, ¶ 4 (sentencing entry containing language that postrelease control was part of sentence afforded sufficient notice to defendant so that he could raise any claimed errors on appeal rather than by extraordinary writ).

Judgment affirmed.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

BROWN, C.J., and LANZINGER, J., concur in judgment only.

——————————

James A. Davis Jr., pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James Moss, Assistant Prosecuting Attorney, for appellee.

——————————

---

2. According to appellees, Judge McCafferty issued a nunc pro tunc sentencing entry on June 25, 2010, removing any reference to postrelease control.