THE STATE EX REL. TUCKER, APPELLANT, *v.* FORCHIONE, JUDGE, APPELLEE.

[Cite as *State ex rel. Tucker v. Forchione,*

128 Ohio St.3d 298, 2010-Ohio-6291.]

*Mandamus — Sentencing — Petitioner had adequate remedy at law by way of direct appeal to raise claim that he did not receive proper notification of postrelease control — Sentencing entry contained sufficient language to provide such notice — Writ denied.*

(No. 2010-0479 — Submitted August 10, 2010 — Decided December 28, 2010.)

APPEAL from the Court of Appeals for Stark County,

No. 2009CA00240, 2010-Ohio-530.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition for a writ of mandamus of appellant, Eric Tucker. Tucker "had an adequate remedy by way of direct appeal from his sentence to raise his claim that he did not receive proper notification about postrelease control at his sentencing hearing." *Briseno v. Cook*, 121 Ohio St.3d 38, 2009-Ohio-308, 901 N.E.2d 798, ¶ 1; *Patterson v. Ohio Adult Parole Auth.*, 120 Ohio St.3d 311, 2008-Ohio-6147, 898 N.E.2d 950, ¶ 8. And Tucker's February 1, 1999 sentencing entry "sufficiently included language that postrelease control was part of his sentence so as to afford him sufficient notice to raise any claimed errors on appeal rather than by extraordinary writ." *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, ¶ 4; *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 51-53. Tucker's sentencing entry constituted a final, appealable order, and he had an adequate remedy by way of appeal to raise his claims. *Pruitt* at ¶ 3.

Judgment affirmed.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

LANZINGER, J., dissents.

_____

Eric Tucker, pro se.

John D. Ferrero, Stark County Prosecuting Attorney, and Ronald Mark Caldwell, Assistant Prosecuting Attorney, for appellee.

_____