THE STATE EX REL. SCHECK, APPELLANT, *v.* COLLIER, JUDGE, APPELLEE.

[Cite as *State ex rel. Scheck v. Collier,* 128 Ohio St.3d 316, 2011-Ohio-233.]

*Mandamus — Demand for new sentencing hearing to properly impose postrelease control — Remedy is through ordinary course of law — Judgment affirmed.*

(No. 2010-1569 — Submitted January 19, 2011 — Decided January 26, 2011.)

APPEAL from the Court of Appeals for Medina County, No. 09CA0081-M.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition of appellant, Michael Scheck, for a writ of mandamus to compel appellee, Medina County Court of Common Pleas Judge Christopher J. Collier, to conduct a new sentencing hearing and to thereafter issue a new sentencing entry that corrects errors in the original sentencing entry, which Scheck claims did not comply with Crim.R. 32(C) and did not properly impose postrelease control. "[T]he remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing." *State ex rel. Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, ¶ 2. And any error regarding the failure to hold a sentencing hearing before issuing a nunc pro tunc entry imposing postrelease control could be remedied in the ordinary course of law by appeal. See *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas*, 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41, ¶ 2 ("the erroneous inclusion of postrelease control in Davis's original sentencing entry constituted mere error for which he had an adequate remedy in the ordinary course of law by way of appeal"); *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, ¶ 4 (sentencing entry containing language that

postrelease control was part of sentence afforded sufficient notice to the defendant so that he could raise any claimed errors on appeal rather than by extraordinary writ).[1]

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

————————————

Michael Scheck, pro se.

Dean Holman, Medina County Prosecuting Attorney, and Russell A. Hopkins, Assistant Prosecuting Attorney, for appellee.

————————————

---

[1] We deny appellee's motion to strike Scheck's initial merit brief, because the motion was rendered moot by the timely filing of Scheck's amended merit brief.