Lanzinger, J.,
dissenting.
{¶ 23} I respectfully dissent from the court’s decision to deny the motions for reconsideration in this case. The factual background and procedural posture of this case are undeniably exceptional. Based on the unique circumstances here, I no longer agree that Judge Burge patently and unambiguously lacked jurisdiction to proceed. Furthermore, our precedent recognizes that double jeopardy prevents this acquittal from being reviewed.
I. Motion to Reconsider
{¶ 24} Although I concurred in the January 27 opinion granting the writ, after reconsideration, I have concluded that the proper course of action in this case is to affirm the judgment of the court of appeals and deny the writ of prohibition. I am not convinced that Judge Burge patently and unambiguously lacked jurisdic *1235 tion to grant a judgment of acquittal. In addition, I believe that it is improper for us to disturb the judgment granting the acquittal here.

A. Judge Burge Did Not Patently and Unambiguously Lack Jurisdiction to Grant the Acquittal

{¶ 25} This court’s recent statements on how to remedy Crim.R. 32(C) errors have understandably caused some confusion.
{¶ 26} Under some of our decisions, Judge Burge proceeded properly when he vacated Smith’s and Joseph Allen’s defective judgment entries, ordered a presentence investigation report for Smith and Allen, and conducted a review of the trial transcript and the evidence admitted in support of Smith’s Crim.R. 29(C) motion for acquittal. In 2008, we twice stated that in cases in which the trial court failed to comply with Crim.R. 32(C), “the appropriate remedy is resentencing instead of outright release.” (Emphasis added.) McAllister v. Smith, 119 Ohio St.3d 163, 2008-Ohio-3881, 892 N.E.2d 914, ¶ 9; Mitchell v. Smith, 120 Ohio St.3d 278, 2008-Ohio-6108, 898 N.E.2d 47, ¶ 1. These cases certainly suggested that a final, appealable order had not yet been entered and that any interlocutory orders, such as a motion for acquittal, could be reconsidered. See State v. Ross, 184 Ohio App.3d 174, 2009-Ohio-3561, 920 N.E.2d 162, ¶ 14, quoting State v. Abboud, 8th Dist. Nos. 80318 and 80325, 2002-Ohio-4437, 2002 WL 1986552, at ¶ 8 (“ ‘The denial of a motion for judgment of acquittal prior to final sentencing is an interlocutory order. Accordingly, the trial court was permitted to “revisit” the order that denied [the defendant’s] motion for acquittal’ ”).
{¶ 27} Soon after McAllister, we denied a petitioner’s writ of habeas corpus and held that a failure to comply with Crim.R. 32(C) does not entitle an inmate to immediate release from prison and that “the appropriate remedy is correcting the journal entry.” Dunn v. Smith, 119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d 312, at ¶ 10. Dunn does not cite McAllister or specify by what procedure the journal entry is to be corrected.
{¶ 28} Less than two years after Dunn, we held that “the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing.” State ex rel. Alicea v. Krichbaum, 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, at ¶ 2. Alicea failed to mention McAllister and Mitchell’s holding that the appropriate remedy is resentencing, instead citing State ex rel. Culgan v. Medina Cty. Court of Common Pleas, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, in which we ordered the common pleas court to “issue a sentencing entry that complies with Crim.R. 32(C) and constitutes a final appealable order,” id. at ¶ 11. Once again, we did not consider McAllister.
{¶ 29} The foregoing cases thus offer contradictory approaches to correcting a Crim.R. 32(C) error: McAllister and Mitchell both require “resentencing.” *1236 Dunn requires “correcting” the journal entry. Culgan requires that the trial court “issue a sentencing entry that complies with Crim.R. 32(C).” Alicea requires “a revised sentencing entry rather than a new hearing.”
{¶ 30} Our January 27 opinion in this case purports to limit McAllister and Mitchell by stating that in those cases “we did not suggest that [the term ‘resentencing’] encompassed anything more than issuing a corrected sentencing entry that complies with Crim.R. 32(C).” State ex rel. DeWine v. Burge, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 20. I now disagree with this statement. While we did not elaborate on what “resentencing” constitutes in either McAllister or Mitchell, the plain meaning of “resentencing” is “[t]he act or an instance of imposing a new or revised criminal sentence.” Black’s Law Dictionary (9th Ed.2009) 1422. Furthermore, R.C. 2929.19 requires that courts hold sentencing hearings after certain cases have been remanded for resentenc-ing. Alicea, however, states that a revised entry is required rather than a new hearing.
{¶ 31} The inconsistency becomes especially troubling when one more closely examines Alicea. Alicea’s sentencing entry fully complied with Crim.R. 32(C). It was therefore completely unnecessary to add language addressing the remedy for a failure to comply with Crim.R. 32(C). This language in Alicea, then, is mere dicta that should not have informed any subsequent decision. Unfortunately, Alicea has confused this area of the law.
{¶ 32} The fact remains that McAllister and Mitchell have not been overruled, and in the January 27 opinion in this case we purported only to limit those decisions. Because Judge Burge’s granting the acquittal was based upon a reasonable interpretation of McAllister and Mitchell, he did not patently and unambiguously lack jurisdiction, and I would accordingly grant the motion to reconsider, affirm the court of appeals, and deny the writ of prohibition.

B. Double-Jeopardy Concerns

{¶ 33} The January 27 opinion in this case does not address our recent decision in State v. Ross, 128 Ohio St.3d 283, 2010-Ohio-6282, 943 N.E.2d 992. In Ross, we addressed the issue whether a trial court may reconsider a ruling denying a timely filed Crim.R. 29(C) motion for acquittal and grant the motion based on a defendant’s renewed motion filed after the 14-day period in Crim.R. 29(C) has expired. We held that the trial court had erred in reconsidering its initial denial of Ross’s motion for acquittal, because the renewed motion was filed well outside the 14-day period established by Crim.R. 29(C) for filing such motions. Id. at ¶ 49. Most importantly, however, we did not reverse the judgment of acquittal. Instead, we held that pursuant to State v. Bistricky (1990), 51 Ohio St.3d 157, 555 N.E.2d 644, an appellate court cannot disturb a trial judge’s acquittal order, *1237 because that order, unlike the substantive legal rulings underlying it, is not appealable pursuant to R.C. 2945.67(A). Id. at ¶ 50.
{¶ 34} While Ross involved an appeal pursuant to R.C. 2945.67 and this case involves a writ of prohibition, I would hold that the underlying rationale in Ross is applicable here. Ross and Bistricky were premised upon the fundamental principle that double-jeopardy protections preclude retrial of defendants after they have been acquitted. See Bistricky, at 158. Furthermore, the Supreme Court of the United States has issued clear statements that acquittals cannot be disturbed. “Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that ‘[a] verdict of acquittal * * * could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution.’ United States v. Ball, 163 U.S. 662, 671, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896).” (Emphasis added.) United States v. Martin Linen Supply Co. (1977), 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642.
{¶ 35} Indeed, in a case similar to the one before us, the Supreme Court of the United States reversed a court of appeals’ judgment granting a writ of mandamus ordering that an acquittal be vacated. Fong Foo v. United States (1962), 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629. In Fong Foo, the government argued, and the Court of Appeals for the First Circuit had agreed, that a writ of mandamus ordering a trial judge to vacate his judgment of acquittal was warranted because the trial court had been without power to direct the judgment of acquittal. Id. at 142. While noting that the First Circuit did have some basis for concluding that the acquittal was based upon an “egregiously erroneous foundation,” the Supreme Court held that the acquittal could not be reviewed without violating the Double Jeopardy Clause. Id. at 143.
{¶ 36} These federal decisions support my conclusion that the principles of double jeopardy preclude disturbing the acquittal issued in the underlying case.
II. Conclusion
{¶ 37} By granting the acquittal in the underlying case, Judge Burge was attempting to correct what he believed was a miscarriage of justice. More than 14 years after the convictions were entered in the underlying case, Judge Burge, after fully reviewing the record, determined that the evidence presented at trial against Smith and her codefendant Allen was insufficient to sustain the separate verdicts and that he had “absolutely no confidence that these verdicts [were] correct.” As a result of this conclusion, he granted an acquittal.
{¶ 38} Because I would hold that Judge Burge did not patently and unambiguously lack jurisdiction to act, I respectfully dissent and would grant the motions *1238 to reconsider, affirm the court of appeals’ judgment, and deny the writ of prohibition.
Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, David M. Lieberman, Deputy Solicitor, and M. Scott Criss, Assistant Attorney General; and Dennis P. Will, Lorain County Prosecuting Attorney, and Billie Jo Belcher, Assistant Prosecuting Attorney, for appellants.
James M. Burge, pro se.
Jack W. Bradley, Brian J. Darling, and Michael E. Stepanik, for intervening respondent-appellee.
Timothy Young, Ohio Public Defender, and E. Kelly Mihocik, Assistant Public Defender, in support of intervening respondent-appellee on behalf of amicus curiae, Ohio Public Defender.
Pfeifer, J., concurs in the foregoing opinion.