[Cite as *State ex rel. Jones v. Friedman*, 2011-Ohio-3478.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96498

---

## STATE OF OHIO, EX REL.,
## LEE JONES

RELATOR

vs.

## JUDGE STUART A. FRIEDMAN AND WARDEN
## TERRY TIBBALS

RESPONDENTS

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus
Motion Nos. 443477 and 443307

Order No. 445742

**RELEASE DATE:** July 8, 2011

**FOR RELATOR**

Lee Jones
Inmate #560-986
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

**ATTORNEYS FOR RESPONDENT**

For Judge Stuart A. Friedman

William D. Mason
Cuyahoga County Prosecutor
James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

For Warden Terry Tibbals

Mike DeWine
Attorney General
Peter L. Jamison
Assistant Attorney General
Criminal Justice Section
150 E. Gay Street, 16th Floor
Columbus, Ohio 43215

MARY EILEEN KILBANE, A.J.:

{¶ 1}  On March 8, 2011, the relator, Lee Jones, commenced this mandamus action against the respondents, Judge Stuart Friedman[1] and Warden Terry Tibbals, to compel them to return Jones to the Cuyahoga County Common Pleas Court so that postrelease controls may be properly imposed in the underlying case, *State v. Lee Jones*, Cuyahoga County Common Pleas Court Case No. CR-504454.  On March 31, 2011, Judge Friedman filed a motion for summary judgment, and Warden Tibbals filed a motion to dismiss on April 6, 2011.  Jones never filed a response to either of the motions.  For the following reasons, this court grants the respondents' dispositive motions and denies the application for a writ of mandamus.

---

[1] In his complaint, Jones named Judge Stuart Freeman as a respondent.  This court will use the proper spelling of the judge's name throughout the opinion.

{¶ 2}   In the underlying case in late 2008, Jones pleaded guilty to two counts of kidnapping and two counts of rape, and the trial court imposed a sentence of 20 years.   The trial judge also included the following in the sentencing entry: "Post release control is part of this prison sentence for 5 years mandatory for the above felony(s) under R.C. 2967.28."   This sentencing entry did not include language to the effect that if Jones violated the terms of postrelease control, the parole board may impose as part of the sentence a prison term of up to one-half of the originally stated prison term.

{¶ 3}   The docket of the underlying case shows that Jones did not appeal his conviction and sentence, but on October 8, 2010, he filed a motion to correct legally incomplete sentence.   On November 18, 2010, the trial court overruled this motion because a review of the sentencing transcript established that the court  fully advised Jones on postrelease control including the consequences should he fail to comply.   Jones appealed this ruling in *State v. Jones*, Cuyahoga County Court of Appeals Case No. 96126.   However, this court dismissed the appeal on February 22, 2011, for failure to file a brief.   Jones then commenced this mandamus action to compel the proper imposition of postrelease controls.

{¶ 4}   The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law.   Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a

function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and *State ex rel. Pressley v. Indus. Comm. of Ohio* (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan* (Sept. 26, 1994), Cuyahoga App. No. 67787. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108 and *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty* (1990), 56 Ohio St.3d 33, 564 N.E.2d 86. Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser* (1977), 50 Ohio St.2d 165, 364 N.E.2d 1; *State ex rel. Shafer v. Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 113 N.E.2d 14; *State ex rel. Connole v. Cleveland Bd. of Edn.* (1993), 87 Ohio App.3d 43, 621 N.E.2d 850; and *State ex rel. Dayton-Oakwood Press v. Dissinger* (1940), 32 Ohio Law Abs. 308.

{¶ 5} Jones's claim to compel a new sentencing hearing is not well founded. The Supreme Court of Ohio has clarified that incomplete references or explanations of postrelease

control are sentencing errors which are remedied by appeal and not by extraordinary writ. *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, held that because the sentencing entry sufficiently included language that postrelease control was part of the sentence, Pruitt had sufficient notice to raise any claimed errors on appeal rather than by a writ. In *State ex rel. Thomas v. DeWine*, 127 Ohio St.3d 214, 2010-Ohio-4984, 938 N.E.2d 328, the Supreme Court of Ohio ruled that an extraordinary writ would not lie to compel a resentencing in order to provide the defendant with oral notification at his sentencing of the mandatory five-year postrelease control term. The Court continued that the defendant had an adequate remedy by direct appeal to raise his claim that he did not receive proper notification about postrelease control. See, also, *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78; *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas,* 127 Ohio St.3d 29, 2010-Ohio-4728, 936 N.E.2d 41; and *Patterson v. Ohio Adult Parole Auth.*, Richland App. No. 08-CA-33, 2008-Ohio-2620.

{¶ 6} Moreover, the Supreme Court of Ohio revisited the issues involved in imposing proper postrelease controls. In *State v. Fischer*, 127 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the court modified *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, to hold that if postrelease controls are not properly imposed, then only that portion of the sentence dealing with postrelease control is void and that the new sentencing hearing is limited to proper imposition of postrelease control. Paragraph two of the syllabus.

In *State ex rel. Tucker v. Forchione*, 128 Ohio St.3d 298, 2010-Ohio-6291, 943 N.E.2d 1006, ¶1, the Supreme Court of Ohio ruled that because Tucker's February 1999 sentencing entry "included language that postrelease control was part of his sentence so as to afford him notice to raise any claimed error on appeal rather than by extraordinary writ," Tucker was not entitled to mandamus relief to correct postrelease control sentencing errors. Rather, he had an adequate remedy at law through appeal.

{¶ 7} Furthermore, this court notes that Jones has endeavored to pursue his adequate remedies at law by moving the trial court to correct any error and by appealing the denial of that motion. That Jones allowed his appeal to be dismissed for failure to file a brief does not render the remedy unavailable for purposes of mandamus.

{¶ 8} Jones also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842 and *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420.

{¶ 9} Accordingly, this court grants the respondents's dispositive motions and denies the application for a writ of mandamus. Relator to pay costs. This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and

its date of entry upon the journal.　Civ.R. 58(B).

　　　Writ denied.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

PATRICIA A. BLACKMON, J. and
KATHLEEN ANN KEOUGH, J., CONCUR