THE STATE EX REL. CASTRO, APPELLANT, *v.* CORRIGAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Castro v. Corrigan,* 129 Ohio St.3d 342, 2011-Ohio-4059.]

*Criminal procedure — Mandamus to correct sentencing error — Adequate remedy by appeal — Litigation by inmates of correctional institutions — Failure to comply with R.C. 2969.25(C)(1) — Writ denied.*

(No. 2011-0749 — Submitted August 8, 2011 — Decided August 17, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 96488, 2011-Ohio-1701.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the complaint of appellant, Jose Castro, for writs of mandamus and procedendo to compel appellee, a Cuyahoga County Court of Common Pleas judge, to conduct a resentencing hearing in Castro's criminal case and issue a new sentencing entry that properly includes postrelease control.

{¶ 2} Castro essentially sought waiver of prepayment of the court's filing fees by not paying them, instead filing a page with his petition that was titled "Affidavit of Indigency." He thus failed to comply with R.C. 2969.25(C)(1), which required him to file a statement setting forth his inmate account "for each of the preceding six months, as certified by the institutional cashier." Castro's noncompliance authorized the court's dismissal. See *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, 935 N.E.2d 830.

{¶ 3} Moreover, Castro "had an adequate remedy by way of direct appeal from his sentence to raise his claim that he did not receive proper notification about postrelease control at his sentencing hearing." *Briseno v. Cook*,

121 Ohio St.3d 38, 2009-Ohio-308, 901 N.E.2d 798, ¶ 1. And Castro's sentencing entry "sufficiently included language that postrelease control was part of his sentence so as to afford him sufficient notice to raise any claimed error on appeal rather than by extraordinary writ." *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, ¶ 4. Castro's sentencing entry constituted a final, appealable order, and he had an adequate remedy by way of appeal to raise his claims. *State ex rel. Tucker v. Forchione*, 128 Ohio St.3d 298, 2010-Ohio-6291, 943 N.E.2d 1006, ¶ 1.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and McGEE BROWN, JJ., concur.

_____

Jose Castro, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James Moss, Assistant Prosecuting Attorney, for appellee.

_____