THE STATE EX REL. RICHARDSON, APPELLANT, *v.* SUSTER, JUDGE, APPELLEE.

[Cite as *State ex rel. Richardson v. Suster,*

**130 Ohio St.3d 82, 2011-Ohio-4728.**]

*Procedendo—Petition for writ to compel sentencing judge to schedule new sentencing hearing—Sentencing entry sufficiently included language that postrelease control was part of sentence so as to afford petitioner sufficient notice to raise any claimed errors on appeal rather than by extraordinary writ—Writ denied.*

(No. 2011-0676—Submitted September 7, 2011—Decided September 22, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 95579, 2011-Ohio-1753.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals dismissing the petition of appellant, Allen Richardson, for a writ of procedendo insofar as he sought to compel appellee, Cuyahoga County Court of Common Pleas Judge Ronald Suster, to schedule a de novo sentencing hearing in his criminal case[1] to remedy errors in his original sentencing entry. Richardson claims that the entry did not properly impose postrelease control and did not comply with Crim.R. 32(C).

{¶ 2} Richardson's sentencing entry " 'sufficiently included language that postrelease control was part of his sentence so as to afford him sufficient notice to

_____

1. Richardson also challenges the court of appeals' ruling granting him a writ of procedendo to compel Judge Suster to rule on his motion for a de novo hearing, but he lacks standing to contest that portion of the court's holding because he is not aggrieved by it. See generally *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.* (1942), 140 Ohio St. 160, 23 O.O. 369, 42 N.E.2d 758, syllabus ("Appeal lies only on behalf of a party aggrieved by the final order appealed from").

raise any claimed errors on appeal rather than by extraordinary writ.' " *State ex rel. Tucker v. Forchione*, 128 Ohio St.3d 298, 2010-Ohio-6291, 943 N.E.2d 1006, ¶ 1, quoting *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, ¶ 4.

**{¶ 3}** And "the remedy for a failure to comply with Crim.R. 32(C) is a revised sentencing entry rather than a new hearing." *State ex rel. Alicea v. Krichbaum*, 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, ¶ 2; see also *State ex rel. Scheck v. Collier*, 128 Ohio St.3d 316, 2011-Ohio-233, 943 N.E.2d 1022, ¶ 1.

**{¶ 4}** Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Allen Richardson, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____