Lanzinger, J.,
dissenting.
{¶ 35} Crim.R. 32(C) states what a judge shall do to enter a judgment of conviction that is subject to appeal. We explained this rule and held pursuant to its clear wording: “A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court.” State v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus. Because the majority opinion amends Crim.R. 32(C) by misinterpreting it, I respectfully dissent.
{¶ 36} Contrary to the statement that Baker has been “modified,” the majority now rewrites Crim.R. 32(C). In Baker, we agreed that the criminal rule did not require a defendant’s not-guilty plea entered at arraignment to be reflected in the judgment of conviction. Id. at ¶ 16, 19. But pursuant to the rule, we held that a judgment entry of conviction must contain its four elements.
{¶ 37} Lester’s sentencing entry did not contain the first required element. His judgment entry did not state the manner of his conviction — whether obtained through “a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial” — which Baker clearly holds is required under Crim.R. 32(C). Id. at ¶ 14.
{¶ 38} We have consistently cited Baker and have held that a judgment of conviction complies with Crim.R. 32(C) when it sets forth the plea, the verdict, or the findings upon which each conviction is based. State ex rel. Alicea v. Krichbaum, 126 Ohio St.3d 194, 2010-Ohio-3234, 931 N.E.2d 1079, ¶ 2; State ex rel. Barr v. Sutula, 126 Ohio St.3d 193, 2010-Ohio-3213, 931 N.E.2d 1078, ¶ 2; State ex rel. Culgan v. Medina Cty. Court of Common Pleas, 119 Ohio St.3d 535, 2008-Ohio-4609, 895 N.E.2d 805, ¶ 10; Dunn v. Smith, 119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d 312, ¶ 7. Instead of following this precedent, the majority ignores these cases by minimizing this requirement. The words “the plea, the verdict, or findings, upon which each conviction is based” are now compressed into “the fact of the conviction” and are characterized as a mere “matter of form.”
{¶ 39} In essence, the majority rewrites one of the rule’s requirements for a final, appealable order. It deletes the words “the plea, the verdict, or findings, *315 upon which each conviction is based,” which, as Baker explained, require that the judgment specify the manner of the conviction, and it substitutes the words “the fact of the conviction.” If an entry does not state the manner of conviction, we have said it is not a final order subject to appeal. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at ¶ 14; Dunn at ¶ 7. Rather than modify Baker, the majority opinion overrules precedent.
Edwin A. Pierce, Auglaize County Prosecuting Attorney, and Amy Otley Beckett, Assistant Prosecuting Attorney, for appellee.
Tucker, Ellis & West, L.L.P., and Jon W. Oebker, for appellant.
Timothy Young, Ohio Public Defender, and E. Kelly Mihocik, Assistant Public Defender, urging reversal for amicus curiae Ohio Public Defender.
Michael DeWine, Attorney General, Alexandra T. Schimmer, Chief Deputy Solicitor General, and David M. Lieberman, Deputy Solicitor, urging affirmance for amicus curiae Ohio Attorney General.
Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, urging affirmance for amicus curiae Ohio Prosecuting Attorneys Association.
{¶ 40} The problem, of course, is what is to be done in cases in which a sentencing entry is defective, at least according to the current rule. Should there be a right to appeal from an order that is corrected so that it is made subject to appeal? The majority resolves the issue by denying a defendant the right to appeal from an order that is corrected to conform to Crim.R. 32(C).
{¶ 41} Nevertheless, unless Crim.R. 32(C) is amended to change “the plea, the verdict, or findings, upon which each conviction is based” to “the fact of the conviction,” the majority’s conclusion that the current phrase is a merely “a matter of form” contradicts the rule. Plainly, it is as much of a requirement as the other elements. Either Crim.R. 32(C) means what it says or it does not.
{¶ 42} The sentencing entry before us was not final and appealable until it was corrected to meet the requirements set forth in Crim.R. 32(C). If an entry need set forth only the “fact” of conviction to make it final and appealable, then Crim.R. 32(C) should be rewritten to say so. I respectfully dissent from the judgment of the court, since it not only misinterprets Crim.R. 32(C) but also fails to respect precedent.