THE STATE EX REL. SHEPHERD, APPELLANT, *v.* ASTRAB, JUDGE, APPELLEE.

[Cite as *State ex rel. Shepherd v. Astrab*, **130 Ohio St.3d 361, 2011-Ohio-5789.**]

*Criminal procedure—Judgment entry of conviction sufficient to give notice of postrelease control—Writ to compel resentencing denied.*

(No. 2011-1232—Submitted November 2, 2011—Decided November 15, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 96511,

2011-Ohio-2938.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals denying the request of appellant, Charles Shepherd, for writs of mandamus and procedendo to compel a Cuyahoga County Court of Common Pleas judge to resentence him and to journalize a final, appealable order.

**{¶ 2}** Shepherd "had an adequate remedy by way of direct appeal from his sentence to raise his claim that he did not receive proper notification about postrelease control at his sentencing hearing." *Briseno v. Cook*, 121 Ohio St.3d 38, 2009-Ohio-308, 901 N.E.2d 798, ¶ 1. In addition, Shepherd's sentencing entry "sufficiently included language that postrelease control was part of his sentence so as to afford him sufficient notice to raise any claimed errors on appeal rather than by extraordinary writ." *State ex rel. Pruitt v. Cuyahoga Cty. Court of Common Pleas*, 125 Ohio St.3d 402, 2010-Ohio-1808, 928 N.E.2d 722, ¶ 4. Shepherd's sentencing entry "constituted a final, appealable order, and he had an adequate remedy by way of appeal to raise his claims." *State ex rel. Castro v. Corrigan*, 129 Ohio St.3d 342, 2011-Ohio-4059, 952 N.E.2d 497, ¶ 3.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Charles Shepherd, pro se.

_____