[Cite as *State ex rel. Duncan v. DeWeese*, 2012-Ohio-1800.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO, ex rel. ROY SHANE DUNCAN | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. Sheila G. Farmer, J. |
| Relator | Hon. John W. Wise, J. |
| -vs- | Case No. 11 CA 102 |
| JUDGE JAMES DeWEESE | O P I N I O N |
| Respondent | |


CHARACTER OF PROCEEDING:      Writ of Mandamus


JUDGMENT:      Dismissed


DATE OF JUDGMENT ENTRY:      April 23, 2012


APPEARANCES:

For Relator                                      For Respondent

ROY SHANE DUNCAN, PRO SE          JILL M. COCHRAN
N.C.C.I.                                            ASSISTANT PROSECUTOR
Post Office Box 1812                        38 South Park Street, 2nd Floor
Marion, Ohio  43301-1812                  Mansfield, Ohio  44902

*Wise, J.*

{¶1}  Relator, Roy Duncan, has filed a Petition for Writ of Mandamus requesting this Court to order Respondent to resentence Relator.  Respondent has filed a Motion to Dismiss for failure to state a claim upon which relief may be granted.

{¶2}  Relator avers the trial court is required to issue a new sentencing entry because the original order issued by the trial court was not a final, appealable order. Relator raises two reasons in support of his claim.  First, he argues the order was not final because it did not contain a disposition of OVI specifications.  Second, the order did not contain a specific amount of restitution.

{¶3}  For a writ of mandamus to issue, the relator must have a clear legal right to the relief prayed for, the respondent must be under a clear legal duty to perform the requested act, and relator must have no plain and adequate remedy in the ordinary course of law. *State, ex rel. Berger, v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225.

{¶4}  In the underlying case, the State suggests the OVI specifications were dismissed by the trial court prior to trial.  Relator in turn argues the dismissal was not reduced to a judgment entry.  It is undisputed that the jury did not receive the issue of the specifications to consider.  It is also undisputed that Relator was not convicted of the specifications.

{¶5}  The Supreme Court has explained, "[O]ur holding in *State v. Baker,* 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, 'requires a full resolution of those counts *for which there were convictions*. It does not require a reiteration of those counts and specifications for which there were no convictions, but were resolved in

other ways, such as dismissals, nolled counts, or not guilty findings.' (Emphasis added.)" *State ex rel. Davis v. Cuyahoga Cty. Court of Common Pleas* 127 Ohio St.3d 29, 30, 936 N.E.2d 41 (Ohio,2010).

**{¶6}** Because the sentencing order already appealed by Relator contains all of the required elements pursuant to Crim.R. 32 and provides a full resolution of all counts for which there were convictions, we find the order was a final, appealable order. For this reason, Relator has already obtained the relief he seeks, i.e. a final, appealable order, making the request for writ of mandamus moot.

**{¶7}** Relator also argues the order entered by the trial court is not final and appealable because the issue of restitution was not finalized. In an effort to resolve this issue, Relator filed a motion in the trial court relative to restitution. In response, the trial court issued an order dated October 13, 2011 wherein the trial court ruled,

> Regarding restitution, the [sentencing] entry orders payment "for medical expenses to Kathy Ward, Richard Miller or providers." The state has offered no evidence at sentencing or since sentencing that the victims see payment of any such restitution. A trial court has no statutory authority to reconsider or modify the amount of restitution after the defendant's sentence is journalized. It is therefore ordered:
>
> 1. The defendant has no monetary restitution in this case.

**{¶8}** We find the trial court's order eliminating restitution makes Relator's argument moot. Restitution is no longer an issue. For this reason, the order being appealed was a final, appealable order relative to all other portions of Relator's sentence.

**{¶9}** Relator has failed to establish the necessary elements to warrant the issuance of the extraordinary writ of mandamus. For this reason, the cause of action is dismissed for failure to state a claim upon which relief may be granted.

By: Wise, J.

Gwin, P. J., and

Farmer, J. concur.

_____

_____

_____

JUDGES

JWW/as/d 0309

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO, ex rel.,                    :
ROY SHANE DUNCAN                           :
                                           :
     Relator                              :
                                           :
-vs-                                       :           JUDGMENT ENTRY
                                           :
JUDGE JAMES DeWEESE                        :
                                           :
     Respondent                           :           Case No. 11 CA 102


For the reasons stated in our accompanying Memorandum-Opinion, the writ of mandamus is found to be moot and is dismissed for failure to state a claim upon which relief may be granted.  Costs to Relator.


                                        _____


                                        _____


                                        _____

                                             JUDGES