[Cite as *State v. Shepherd*, 2013-Ohio-271.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98709**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CHARLES SHEPHERD

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-427416

**BEFORE:** Stewart, A.J., Rocco, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 31, 2013

**FOR APPELLANT**

Charles Shepherd, Pro Se
Inmate No. 434286
Grafton Correctional Institution
2075 S. Avon Belden Road
Grafton, OH    44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    T. Allan Regas
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

**{¶1}** In 2002, a jury found defendant-appellant Charles Shepherd guilty of rape and attempted kidnapping. The conviction contained sexually violent predator and repeat violent offender specifications. In June 2012, Shepherd filed a motion to vacate his sentence as void on grounds that the court submitted the repeat violent offender specification to the jury in violation of R.C. 2941.149(B). The court denied the motion, finding it was res judicata because Shepherd failed to raise it on direct appeal and that "[t]he fact that the defendant may or may not have had a viable appellate issue does not render his sentence void." Shepherd's sole assignment of error contests the court's ruling.

**{¶2}** A final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceedings, except an appeal from that judgment, any defense or any claimed lack of due process that was raised, or could have been raised, by the defendant at the trial that resulted in the judgment of conviction, or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. This doctrine, known as res judicata, "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶3} The court did not err by finding that Shepherd's motion to vacate his sentence was barred by res judicata because he failed to raise the issue of the jury determining the repeat violent offender specification on direct appeal.

{¶4} The record shows that we affirmed Shepherd's convictions on direct appeal, rejecting his claims of insufficient evidence, ineffective assistance of counsel, and invalid sentencing. *See State v. Shepherd*, 8th Dist. No. 81926, 2003-Ohio-3356. We likewise denied Shepherd's request for writs of mandamus and procedendo on the claim that his sentence was void because the court incorrectly imposed postrelease control. *See State ex rel. Shepherd v. Astrab*, 8th Dist. No. 96511, 2011-Ohio-2938, *aff'd*, 130 Ohio St.3d 361, 2011-Ohio-5789, 958 N.E.2d 573. And in federal habeas proceedings, a magistrate judge denied Shepherd's writ of habeas corpus that sought relief on four separate grounds relating to a ruling in limine, the use of a 13-year-old conviction for impeachment purposes, insufficient evidence of kidnapping, and that the section of the rape statute under which he was charged was void for vagueness. *See Shepherd v. Ohio*, N.D.Ohio No. 1:04 CV 1283, 2006 U.S. LEXIS 95480 (June 22, 2006).

{¶5} At no time, either on direct appeal or in postconviction proceedings, did Shepherd raise the issue that the court erred by allowing the jury to determine the repeat violent offender specification. Nothing prevented him from raising this issue on direct appeal from his conviction, so principles of res judicata apply in these postconviction proceedings to bar the assertion of Shepherd's repeat violent offender claim.

{¶6} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR