[Cite as *State v. Jones*, 2026-Ohio-1448.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2026-A-0019 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ODRAYE G. JONES a.k.a. MALIK ALLAH-U-AKBAR, | Trial Court No. 1997 CR 00221 |
| Defendant-Appellant. | |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: April 22, 2026
Judgment: Appeal dismissed

*Dave Yost,* Ohio Attorney General, *Kara Keating*, *Daniel Kasaris,* and *Erik Spitzer*, Special Prosecutors, 30 E. Broad Street, 23rd Floor, Columbus, OH 43215 (For Plaintiff-Appellee).

*Odraye G. Jones,* pro se, Ashtabula County Jail, 25 W. Jefferson Street, Jefferson, OH 44047 (Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1}   Appellant, Odraye G. Jones ("Jones"), filed a pro se appeal from an April 2, 2026, judgment entry regarding Jones's motion to disclose exculpatory evidence. Appellee, the State of Ohio ("State"), filed a motion to strike the notice of appeal. The State has also filed a motion for emergency stay of trial court proceedings pending our decision on their previously filed motion to strike. We note that the Ashtabula County Court of Common Pleas is scheduled to empanel a jury for the resentencing phase in the underlying case on April 23, 2026, where Jones is represented by counsel.

{¶2}    Since this court may only entertain those appeals from final judgments, we must determine whether there is a final appealable order. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). A trial court's judgment can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. Ohio Const., art. IV, § 3(B)(2); *Radic v. Sternadel*, 2025-Ohio-4527, ¶ 2 (11th Dist.). If a lower court's judgment is not final, then this court does not have jurisdiction to review the case, and the case must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶3}    R.C. 2505.02(B) defines a "final order" and sets forth nine categories of appealable judgments, and if a trial court's judgment satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed. In this case, the April 2, 2026 judgment entry being appealed does not fit within any of the categories for being a final order under R.C. 2505.02(B) and did not dispose of all claims.

{¶4}    The trial court's ruling merely addressed appellant's motion for disclosure and, in substance, reiterated the state's ongoing obligation to comply with its discovery duties. Such a ruling is interlocutory in nature and does not determine the action, prevent a judgment, or affect a substantial right in a manner that would foreclose appropriate relief in a subsequent appeal.

{¶5}    Accordingly, because the challenged entry neither disposes of the case nor fits within any statutory category of a final, appealable order, it remains an interlocutory ruling over which this court lacks jurisdiction. In the absence of a final order, the appeal must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶6}    Assuming arguendo the April 2, 2026, judgment entry was final and appealable, we conclude that Jones lacks standing to challenge the entry for lack of

aggrievement. "It is a fundamental rule that to be entitled to institute appeal or error proceedings a person must have a present interest in the subject-matter of the litigation and must be aggrieved or prejudiced by the judgment[.]" *Ohio Contract Carriers Ass'n v. Pub. Utilities Comm.*, 140 Ohio St. 160, 161 (1942). "Without standing, a party's appeal must be dismissed." *Reese v. Reese*, 2019-Ohio-2810, ¶ 8 (1st Dist.).

{¶7}　This principle applies with equal force in criminal cases. *See State ex rel. Richardson v. Suster*, 130 Ohio St.3d 82, fn. 1, (2011) (holding that a criminal defendant lacked standing to challenge a portion of a ruling that granted him relief, explaining that a party is not aggrieved by a favorable order even if he disputes the reasoning underlying it.)

{¶8}　Here, the trial court granted Jones's request for disclosure of exculpatory evidence, albeit noting that Jones failed to specify what evidence had not yet been turned over. The trial court explicitly reminded the State of its continuing obligation to disclose evidence that is material to punishment in this matter. In other words, the result was favorable to Jones. As Jones has not been adversely affected or prejudiced by the order from which he appeals, he is not an aggrieved party. Accordingly, he lacks standing to invoke this court's jurisdiction, and the appeal must be dismissed.

{¶9}　Accordingly, this appeal is dismissed, sua sponte, for lack of jurisdiction. Having fully disposed of this case, the State's motion to strike the notice of appeal and motion for emergency stay are overruled as moot.

MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2026-A-0019

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that the appeal is hereby dismissed, sua sponte, for lack of jurisdiction. All pending motions are overruled as moot.

Costs to be taxed against Appellant.

The Clerk of Courts is hereby instructed to serve a copy of this entry to the following:

1. Appellant, Ashtabula County Jail, 25 W. Jefferson St. Jefferson, Ohio 44047;

2. Trial counsel, Attorney Donald J. Malarcik, 121 S. Main St., Suite 520, Akron, OH 44308 and The Ashtabula County Public Defender's Office, 22 East Jefferson St., Jefferson, OH 44047;

3. The Ashtabula County Prosecutor's Office, 25 W. Jefferson St., Jefferson, Ohio 44047;

4. Special Prosecutors, Attys. Kara Keating, Daniel Kasaris, and Erik Spitzer, E. Broad Street, 23rd Floor Columbus, Ohio 43215; and

5. Judge David A. Schroeder, Chambers.

JUDGE ROBERT J. PATTON

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2026-A-0019