OPINION *Page 2 
{¶ 1} Appellant, William Berry III, appeals his criminal sentence from the Judgment Entry dated September 28, 2006 of the Delaware County Common Pleas Court. Appellee is the State of Ohio.
 {¶ 2} On December 17, 2004, the Delaware County Grand Jury indicted appellant on one count of Burglary in violation of R.C. § 2911.12(A)(2), a second degree felony, and on one count of theft, a violation of R.C. § 2913.02(A)(1), a fourth degree felony. At the time appellant committed this felony, he was on post release control from a Madison County conviction.
 {¶ 3} On March 25, 2005, appellant entered guilty pleas to both counts in the indictment.
 {¶ 4} On May 2, 2005, the trial court sentenced appellant to a prison term of four years. This sentence was concurrent on both counts as well as concurrent with the remainder of time on appellant's violation of his post release control from a prior conviction which was 620 days. The sentence was memorialized in a Judgment Entry dated May 4, 2005.
 {¶ 5} On June 3, 2005, appellant timely appealed to this Court.
 {¶ 6} On June 16, 2005, the Adult Parole Authority released appellant from his post release control from the Madison County case.
 {¶ 7} On March 30, 2006, this Court vacated appellant's sentence pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856; and see,Blakely v. Washington (2004), 542 U.S. 296, 124 S. Ct. 2538,Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S. Ct. 2348. This Court then remanded the case for resentencing. *Page 3 
 {¶ 8} On May 16, 2006, the trial court held a resentencing hearing and sentenced appellant to the same sentence but complied withFoster.
 {¶ 9} On September 28, 2006, the trial court issued a Judgment Entry memorializing the resentencing.
 {¶ 10} On October 25, 2006, appellant timely appealed raising the following assignment of error:
 {¶ 11} "I. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO 620 DAY [SIC] BALANCE OF TIME REMAINING ON A PRIOR POST RELEASE CONTROL, AS THE DEFENDANT-APPELLANT WAS NOT ON POST RELEASE CONTROL AT THE TIME OF RE-SENTENCING."
 {¶ 12} In his sole assignment of error, appellant argues the trial court could not sentence him to the 620 day balance remaining on his post release control because he was no longer on post release control at the time of resentencing.
 {¶ 13} Initially, we note the Foster decision left intact R.C.2929.141, which provides in pertinent part:
 {¶ 14} "(B) A person on release who by committing a felony violates any condition of parole, any post-release control sanction, or any conditions described in division (A) of section 2967.131 of the Revised Code that are imposed upon the person may be prosecuted for the new felony. Upon the person's conviction of or plea of guilty to the new felony, the court shall impose sentence for the new felony, the court may terminate the term of post-release control if the person is a releasee and the court may do either or both of the following for a person who is either a releasee or parolee regardless of whether the sentencing court or another court of this state imposed the *Page 4 
original prison term for which the person is on parole or is serving a term of post-release control."
 {¶ 15} "(1) In addition to any prison term for the new felony, impose a prison term for the violation. If the person is a releasee, the maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the releasee has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board or adult parole authority as a post-release control sanction. In all cases, a prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. If the person is a releasee, a prison term imposed for the violation, and a prison term imposed for the new felony, shall not count as, or be credited toward, the remaining period of post-release control imposed for the earlier felony."
 {¶ 16} By statute, it is within the trial court's authority to impose a prison term for a violation of post release control at the same time it sentences for a new felony. Appellant was on post release control at the time of the commission of the new felony and on the date of his guilty plea to that felony. Appellant violated the terms of his post release control and was subject to sentencing for the new felony and the post release control violation. The statute prevents a criminal defendant from delaying sentencing indefinitely to await the expiration of their post release control and avoid sentencing on such violations. *Page 5 
 {¶ 17} The judgment of the Delaware County Common Pleas Court is affirmed.
 By: Delaney, J. Gwin, P.J. concurs Hoffman, J. concurs separately. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 6