OPINION
{¶ 1} Appellant Robert Hill ("appellant") appeals the decision of the Muskingum County Common Pleas Court finding appellant violated post release control and ordering him to serve additional time in prison.
 {¶ 2} On June 1, 2005, appellant was released from confinement and a three year term of post release control was imposed upon appellant by the Adult Parole Authority from the original sentencing court, Washington County Court of Common Pleas. The sentencing hearing in that court occurred on April 26, 2001.
 {¶ 3} On November 4, 2005, appellant violated the terms of his supervision by committing another felony in Muskingum County.
 {¶ 4} Before the Muskingum County Court of Common Pleas, appellant entered a plea of guilty to one count of Breaking and Entering in violation of R.C. 2911.13(B), a felony of the fifth degree, and one count of Attempted Theft of a Motor Vehicle in violation of R.C. 2923.02(A), also a felony of the fifth degree.
 {¶ 5} On June 5, 2006, the trial court sentenced appellant in accordance with the State's negotiated plea. The trial court imposed a nine month prison term on each count to run concurrently. The trial court also imposed a judicial sanction for the violation of his post release control which amounted to almost two years to run consecutive to the nine month prison term. It is from this sentence that appellant now appeals.
 {¶ 6} Appellant raises two Assignments of Error:
 {¶ 7} "I. THE MUSKINGUM COUNTY COMMON PLEAS COURT ERRED JUNE 5, 2006 BY IMPOSING A JUDICIAL SANCTION PURSUANT TO OR.C.[SIC] *Page 3 
SECTION 2929.141 AS A SANCTION FOR A VIOLATION OF POST RELEASE CONTROL AS A REINSTATEMENT OF PART OF THE ORIGINAL SENTENCE IMPOSED BY THE WASHINGTON COUNTY COMMON PLEAS COURT. THUS VIOLATING APPELLANT'S CONSTITUTIONAL RIGHTS, ARTICLE I, SECTION 10 OF THE UNITED STATES CONSTITUTION AND ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION, EX POST FACTO CLAUSES."
 {¶ 8} "II. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO THE TRIAL COURT ERROR'S[SIC] AT SENTENCING."
 I. {¶ 9} Appellant argues in his first assignment of error the trial court failed to inform him that by committing a new felony, he could be prosecuted for both the new felony and for violation of the post release control. A review of the record shows this is erroneous.
 {¶ 10} R.C. 2929.141 reads in pertinent part:[1]
 {¶ 11} "(B) A person on release who by committing a felony violates any condition of parole, any post-release control sanction, or any conditions described in division (A) of section 2967.131 of the Revised Code that are imposed upon the person may be prosecuted for the new felony. Upon the person's conviction of or plea of guilty to the new felony, the court shall impose sentence for the new felony, the court may terminate the term of post-release control if the person is a releasee and the court may *Page 4 
do either or both of the following for a person who is either a releasee or parolee regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on parole or is serving a term of post-release control:"
 {¶ 12} "(1) In addition to any prison term for the new felony, impose a prison term for the violation. If the person is a releasee, the maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the releasee has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board or adult parole authority as a post-release control sanction. In all cases, a prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. If the person is a releasee, a prison term imposed for the violation, and a prison term imposed for the new felony, shall not count as, or be credited toward, the remaining period of post-release control imposed for the earlier felony."
 {¶ 13} On April 26, 2001, the Washington County Common Pleas Court sentenced appellant and informed him of his post release control. "You will have, I would expect, three years of post-release control. If you violate any of the terms or conditions of post-release control as they are established by the Parole Authority, they can send you back to prison for a maximum of nine months for each violation. All violations cannot exceed one-half the originally imposed prison term, unless the violation is the commission of another felony offense. Then it can be the greater of one year in prison or the time remaining on post-release control, in addition for — to the time *Page 5 
imposed for any additional felony conv — conviction." Sentencing Transcript Washington County, April 26, 2001, at 57.
 {¶ 14} On April 28, 2006, at the plea hearing in Muskingum County, the trial court informed appellant he could be subject to post release control revocation in the following exchange.
 {¶ 15} "THE COURT: Okay. You understand that by pleading guilty here today, you could negatively impact your probation or parole out of Washington County and that could lead to an imposition of a prison term down there based on your pleas of guilty here?
 {¶ 16} "THE DEFENDANT: Yes, Your Honor." Transcript at 6.
 {¶ 17} At sentencing on June 5, 2006, the trial court stated: "And I am going to note, Mr. Hill, for the record that your post release control is revoked on all of the cases. All the time available will be imposed consecutive to the time on this case." Transcript at 6.
 {¶ 18} In the Plea Entry dated June 9, 2006, the trial court found "that the defendant is currently on post release control from at least one other county. Pursuant to ORC § 2929.141, this Court terminates the defendant's period of post release control (inmate #A3962490) and ORDERS that the Defendant serve all the time remaining on the post release control which, according to statute, shall be served consecutive to the nine(09) month aggregate sentence imposed in the instant case."
 {¶ 19} By statute[2], it is within the trial court's authority to impose a prison term for a violation of post release control at the same time it sentences for a new felony. The *Page 6 
trial court had jurisdiction under R.C. 2967.28 to impose a post release control violation from another county. State v. Cottrell, 3rd Dist. No. 2-02-05, 2002-Ohio-4603.
 {¶ 20} Appellant was on post release control at the time of the commission of the new felony and on the date of his guilty plea to that felony. Appellant violated the terms of his post release control and was subject to sentencing for the new felony and the post release control violation. "The statute prevents a criminal defendant from delaying sentencing indefinitely to await the expiration of their post release control and avoid sentencing on such violations." State v. Berry, 5th Dist. No. 06-CAA-10-0079, 2007-Ohio-4242.
 {¶ 21} Further, appellant was informed by the trial court at both the plea hearing and sentencing that the commission of the new felony would have an adverse impact on his post conviction release. Appellant had notice of the potential penalty; therefore, the imposition of almost two years did not violate the constitutional ban on ex post facto and retroactive laws. Accordingly, appellant's first assignment of error is overruled.
 II. {¶ 22} Appellant argues in his second assignment of error that his trial counsel was ineffective for failing to object to the Muskingum County Common Pleas Court sentence on the violation of post release control.
 {¶ 23} This assignment of error is moot since it was not error for the trial court to sentence appellant on his violation of post release control. *Page 7 
 {¶ 24} The judgment of the Muskingum County Common Pleas Court is affirmed.
 Delaney, J. Farmer, P.J. and Wise, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] R.C. 2929.141 is analogous to former R.C. 2967.28(F)(4), which was repealed effective July 8, 2002. Therefore, appellant had notice by way of statute under either provision at the time of his sentencing in Washington County and at the time of his revocation in Muskingum County.
[2] Under either R.C. 2929.141 or former R.C. 2967.28(F)(4), appellant received notice. *Page 1