THE STATE EX REL. GOODEN, APPELLANT, *v.* TEODOSIO, JUDGE, APPELLEE.

[Cite as *State ex rel. Gooden v. Teodosio,*

128 Ohio St.3d 538, 2011-Ohio-1915.]

*Procedendo — Writ seeking order compelling judge to issue final, appealable order — Writ denied — Claimed defect in original sentence corrected in resentencing — Petitioner had adequate remedy for claimed improper enhancement of sentence by way of appeal from resentencing.*

(No. 2010-2224 — Submitted April 19, 2011 — Decided April 26, 2011.)

APPEAL from the Court of Appeals for Summit County, No. 25570.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals dismissing the petition of appellant, Joe Gooden, for a writ of procedendo to compel appellee, Summit County Court of Common Pleas Judge Thomas A. Teodosio, to issue a final, appealable order in his criminal case.

**{¶ 2}** Although Gooden's original sentence in 2007 may have been defective in the imposition of postrelease control, his 2009 sentence included the correct terms of postrelease control. The 2009 sentence thus constituted a final, appealable order. Cf. *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶ 32-37 (inmate entitled to writ of mandamus to compel judge to issue sentencing entry that included statutorily required mandatory term of postrelease control after judge denied motion to correct sentence).

**{¶ 3}** Insofar as Gooden claims that appellee improperly enhanced his 2009 sentence based on Gooden's violation of his 2007 postrelease control, he had an adequate remedy by way of appeal from the 2009 sentence to raise that

issue. See *State ex rel. Cunningham v. Lindeman*, 126 Ohio St.3d 481, 2010-Ohio-4388, 935 N.E.2d 393 (affirming dismissal of claim for writ of mandamus or procedendo to compel trial court judge to issue new sentencing entry because petitioner had an adequate remedy by appeal to raise claimed sentencing errors).

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Joe Gooden, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

_____