[Cite as *State ex rel. Dowdy v. Ambrose*, 2011-Ohio-4265.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96772**

---

## STATE OF OHIO, EX REL., SHAUN DOWDY

RELATOR

vs.

## HON. DICK AMBROSE

RESPONDENT

---

## JUDGMENT:
WRIT DISMISSED

---

Writ of Prohibition
Motion No. 444812
Order No. 446845

**RELEASE DATE:**   August 23, 2011

**FOR RELATOR**:

Shaun Dowdy
Inmate No. 581-923
Mansfield Correctional Institution
P.O. Box 788
1150 N. Main Street
Mansfield, Ohio 44901


**ATTORNEYS FOR RESPONDENT:**

William D. Mason
Cuyahoga County Prosecutor
By: James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, OH 44113


COLLEEN CONWAY COONEY, J.:

{¶ 1} Shaun Dowdy, the relator, has filed a complaint for a writ of prohibition. Dowdy seeks an order from this court that requires Judge Dick Ambrose, the respondent, "to comply with all applicable rules, statues and proper remedy's (sic) when imposing a sentence" in *State v. Dowdy*, Cuyahoga County Court of Common Pleas Case No. CR-520345. Judge Ambrose has filed a motion to dismiss, which we grant for the following reasons.

**{¶ 2}** On February 17, 2010, Dowdy entered a plea of guilty to one count of murder (R.C. 29403.01(A)) with a three-year firearm specification (R.C. 2941.145(A)) and one count of kidnapping (R.C. 2905.01(A)(3)) and was sentenced to incarceration for twenty years to life with regard to the offense of murder, three years of incarceration with regard to the firearm specification, and ten years of incarceration with regard to the offense of kidnapping. The terms of incarceration were run consecutive to each other resulting in an aggregated sentence of 33 years to life.

**{¶ 3}** On December 27, 2010, Dowdy filed a motion for resentencing premised upon the allegation that he was not properly advised of the right to an appeal, pursuant to Crim.R. 32(B), during his original sentencing hearing. On March 17, 2011, Judge Ambrose issued a corrected journal entry that advised Dowdy of his appellate rights. On April 7, 2011, Dowdy filed a notice of appeal from the corrected sentencing journal entry. See *State v. Dowdy*, Cuyahoga App. No. 96642. On May 10, 2011, Dowdy filed his complaint for a writ of prohibition in an attempt to vacate the corrected sentencing journal entry.

**{¶ 4}** Specifically, Dowdy argues that compliance with Crim.R. 43(A) requires his presence in court prior to correction of the original sentence to include advisement of the right to an appeal. Dowdy further argues that

without his presence in court for resentencing, Judge Ambrose is prohibited from issuing a corrected sentencing journal entry. For the following reasons, we decline to issue a writ of prohibition on behalf of Dowdy.

{¶ 5} A writ of prohibition constitutes a legal order that is intended to enjoin a court of inferior jurisdiction from acting beyond the scope of its jurisdiction. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 1998-Ohio-275, 701 N.E.2d 1002. In order for this court to issue a writ of prohibition, Dowdy must establish that (1) Judge Ambrose is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is not authorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Sliwinski v. Burnham Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201; *State ex rel. Lipinski v. Cuyahoga Cty. Court of Common Pleas*, 74 Ohio St.3d 19, 1995-Ohio-96, 655 N.E.2d 1303. An adequate remedy at law will preclude relief in prohibition. *State ex rel. Lesher v. Kainrad* (1981), 65 Ohio St.2d 68, 417 N.E.2d 1382; *State ex rel. Sibarco Corp. v. Berea* (1966), 7 Ohio St.2d 85, 218 N.E.2d 428. Furthermore, absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction over an action possesses the legal authority to determine its own jurisdiction, and a party challenging its jurisdiction possesses an adequate remedy at law by way of a

post-judgment appeal. *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.*, 74 Ohio St.3d 120, 1995-Ohio-302, 656 N.E.2d 688.

{¶ 6} In the case sub judice, Judge Ambrose possesses general subject matter jurisdiction over the criminal proceedings under R.C. 2901.11 and 2931.03 and absent a patent and unambiguous lack of jurisdiction, possesses the legal authority to determine his own jurisdiction. *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.*, supra. See, also, *State ex rel. Mosier v. Fornof*, 126 Ohio St.3d 47, 2010-Ohio-2516, 930 N.E.2d 305.

{¶ 7} In addition, Dowdy has already availed himself of an adequate remedy at law through a direct appeal. Any errors associated with the alleged defective resentencing may be addressed on appeal and not through an original action. *State ex rel. Gooden v. Teodosio*, 128 Ohio St.3d 538, 2011-Ohio-1915, 947 N.E.2d 1206; *State ex rel. Scheck v. Collier*, 128 Ohio St.3d 316, 2011-Ohio-233, 943 N.E.2d 1022; *State ex rel. Williams v. Bessey*, 125 Ohio St.3d 447, 2010-Ohio-2113, 928 N.E.2d 1091.

{¶ 8} Accordingly, we grant Judge Ambrose's motion to dismiss. Costs to Dowdy. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

Complaint dismissed.

_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR