[Cite as *State v. Walker*, 2012-Ohio-1513.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | Case No. 11-COA-046 |
| GARY D. WALKER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Ashland County Court of
                             Common Pleas, Case No. 08-CRI-108


JUDGMENT:                     AFFIRMED


DATE OF JUDGMENT ENTRY:       March 30, 2012


APPEARANCES:

For Appellant:                        For Appellee:

GARY D. WALKER, *Pro Se*              RAMONA FRANCESCONI ROGERS
Inmate No. 554324                     ASHLAND COUNTY PROSECUTOR
Richland Correctional Institution
1001 Olivesburg Rd.                   PAUL T. LANGE
Mansfield, OH 44901                   110 Cottage Street, Third Floor
                                      Ashland, OH 44805

*Delaney, J.*

{¶1} Defendant-appellant Gary D. Walker appeals from the October 6, 2011 Judgment Entry of the Ashland County Court of Common Pleas denying his Motion to Correct Void Sentence. Plaintiff-appellee is the State of Ohio.

*FACTS AND PROCEDURAL HISTORY*

{¶2} On September 9, 2008, appellant entered pleas of guilty to three counts of complicity to forgery. Each count is a violation of R.C. 2923.02(A)(2) and 2913.31(A)(3) and is a felony of the fifth degree. On October 6, 2008, the trial court sentenced appellant to three (concurrent) terms of ten months in prison.

{¶3} The trial court further ordered the following:

{¶4} It is further ORDERED that [appellant's] post-release control shall be TERMINATED based upon his violations of post-release control. The Court FINDS that the Defendant's time remaining on post-release control is fifty-six (56) days, which is less than one year. It is therefore ORDERED that the Defendant shall serve an additional prison sentence of one (1) year for the violation of his post-release control, pursuant to Ohio Revised Code Section 2929.141. It is further ORDERED, pursuant to law, that the post-release control time shall be served CONSECUTIVELY to the sentence imposed above with regards to Counts One, Two, and Three.

{¶5} The trial court also advised appellant of the possibility of up to three years of postrelease control upon completion of the prison term.

{¶6} On September 19, 2011, appellant filed a "Motion to Correct Void Sentence." In that motion, appellant notes that he was convicted in the Cuyahoga County Court of Common Pleas, case number CR-06-480404-A, for a number of

offenses, served a prison term, and was placed on postrelease control for one year. Appellant states that the trial court in the instant case (Ashland County Court of Common Pleas) sentenced him to an additional prison term of one year for his violation of the postrelease control imposed by the Cuyahoga County Court of Common Pleas in accord with R.C. 2929.141.[1]  Appellant argues, though, that the Cuyahoga County sentence is void because the Cuyahoga County Court of Common Pleas did not properly advise him of the term of postrelease control. Specifically, appellant states the Cuyahoga County sentencing entry "omits the notification under R.C. 2929.19(B)(3)(e) * * * to inform appellant that he could face up to six months in prison (one-half of his originally stated one-year prison term) for violating his postrelease control.  Appellant's Brief, p. 2

---

[1] R.C. 2929.141 states:

> (A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:
> (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.
> (2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

{¶7} The Ashland County Court of Common Pleas overruled appellant's Motion to Correct Void Sentence on October 6, 2011.

{¶8} We note that the original sentencing entry in the instant case is devoid of any reference to which case the postrelease control, and resulting imposition of sentence, originated from. However, in the judgment entry overruling appellant's motion, the trial court acknowledges "The sentence giving rise to a post release control (*sic*) was imposed by the Judge John Russo of the Cuyahoga County Common Pleas Court in its Case No. CR-06-480404-A."

{¶9} Appellant has not provided the record, including a written transcript, of the sentencing hearing in Cuyahoga County Court of Common Pleas case number CR-06-480404-A. He has attached a photocopy of a certified copy of a sentencing entry in that case[2] which states in regard to postrelease control: "Defendant advised of PRC for 3 years." In that case, appellant pled guilty to one count of failure to comply with police officer order (F3), one count of trafficking (F4) and one count of attempted felonious assault (F3).

{¶10} Appellant appeals from the decision of the Ashland County Court of Common Pleas overruling his Motion to Correct Void Sentence.

{¶11} Appellant raises two Assignments of Error:

{¶12} "I. THE TRIAL COURT ERRED WHEN IT DENIED MR. WALKER'S MOTION TO CORRECT VOID SENTENCE AND THUS THE ACCUSED HAS BEEN DEPRIVED OF HIS RIGHT TO DUE PROCESS IN VIOLATION OF THE 5TH, 6TH, AND 14TH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES."

---

[2] "Exhibit B."

{¶13} "II. THE TRIAL COURT ERRED BY IMPOSING COURT COSTS IN ITS OCTOBER 6, 2011 JUDGMENT ENTRY, WHEN THE COURT DID NOT DO SO WITH MR. WALKER PHYSICALLY PRESENT AND FAILED TO INFORM MR. WALKER THAT FAILURE TO PAY COURT COSTS MAY RESULT IN THE COURT ORDERING HIM TO PERFORM COMMUNITY SERVICE. STATE V. JOSEPH, 125 OHIO ST.3D 76, 926 N.E.2D 278, 2010-OHIO-954; STATE V. DANSBY, 2009-OHIO-2975."

{¶14} This case comes to us on the accelerated calendar. App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶15} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶16} This appeal shall be considered with the foregoing rules in mind.

I.

{¶17} Appellant asserts that the imposition of prison time for the postrelease control violation in Cuyahoga County Court of Common Pleas case number CR-06-480404 is void because that court did not properly advise him of the term of postrelease control pursuant to R.C. 2929.19(B)(3)(e). Therefore, he argues, the trial court in the case *sub judice* should have granted his Motion to Correct Void Sentence and not imposed the additional prison term of one year. We disagree.

{¶18} Pursuant to R.C. 2929.141, it is within the trial court's authority to impose a prison term for a violation of postrelease control at the same time it sentences for a new felony. *State v. Hill,* 5th Dist. No. CT2007-0042, 2008-Ohio-2867, ¶ 19. The trial court had jurisdiction under R.C. 2967.28 to impose a postrelease control violation from another county.

{¶19} The issue before us, however, is what effect, if any, must be given to appellant's claim of inadequate notice of postrelease control originating from the Cuyahoga County case.

{¶20} In *State v. Fischer,* the Ohio Supreme Court recognized that "In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 6.

{¶21} Appellee notes our decision in *State v. Henderson,* 5th Dist. No. 10-COA-012, 2011-Ohio-1791, appeal not allowed, 129 Ohio St.3d 1476, 2011-Ohio-

4751, 953 N.E.2d 842, in which we held that the Ashland County Court of Common Pleas erred in imposing the remainder of postrelease control from a Lorain County Court of Common Pleas case in which the Lorain County court did not properly advise the defendant of postrelease control. We decline to apply the same rationale here because appellant's Cuyahoga County sentence was imposed on September 28, 2006; appellant therefore appears to fall within the purview of R.C. 2967.28(B), which states a trial court's failure to properly impose postrelease control for sentences imposed on or after July 11, 2006 does not negate, limit, or otherwise affect the mandatory period of postrelease control for a felony of the third degree in the commission of which the offender caused or threatened physical harm to a person.

{¶22} In addition, appellant's reliance upon R.C. 2929.19(B)(3)(e) is misplaced as that statute pertains to tier III sex offenders/child-victim offenders, and has no relevancy to appellant's postrelease control obligations in the instant case or Cuyahoga County case.

{¶23} Appellant's first assignment of error is overruled.

II.

{¶24} Appellant argues in his second assignment of error that the trial court erred in imposing costs in its entry of October 6, 2011 because those costs were not imposed at the "sentencing hearing."

{¶25} The entry appellant challenges, assessing costs to him, is the judgment entry overruling his Motion to Correct Void Sentence. The trial court states in pertinent part, "* * *. The Court ORDERS that [appellant's] September 19, 2011 motion shall be dismissed and costs shall be assessed to [appellant.]"

{¶26} Appellant cites *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, and *State v. Dansby*, 5th Dist. No. 08 AP 06 0047, 2009-Ohio-2975, in support of his assertion that the trial court erred in imposing costs in its "sentencing entry" when costs were not imposed in open court at the sentencing hearing. The costs that appellant contests here, however, are the costs imposed upon denial of his Motion to Correct Void Sentence, and the authority above is inapplicable.

{¶27} Accordingly, we overrule appellant's second assignment of error.

{¶28} The judgment of the Court of Common Pleas of Ashland, Ohio is affirmed.

By: Delaney, P.J.

Gwin, J. and

Hoffman, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

[Cite as *State v. Walker*, 2012-Ohio-1513.]

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GARY D. WALKER | : | |
| | : | |
| | : | Case No. 11-COA-046 |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN