[Cite as *State v. Gooden*, 2012-Ohio-2042.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | C.A. No. 26028 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOE MELVIN GOODEN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 04 1082 |

DECISION AND JOURNAL ENTRY

Dated: May 9, 2012

MOORE, Judge.

{¶1}    Appellant, Joe M. Gooden, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}    In 2007, Gooden pleaded guilty to five charges, including intimidation of a crime victim or witness, a felony of the third degree.  As part of his sentence, the trial court imposed three years of postrelease control.  Gooden did not appeal from this sentencing order.  In 2009, Gooden pleaded guilty to charges of domestic violence and disrupting public services.  The trial court sentenced Gooden to three years of incarceration on the domestic violence charge and one year of incarceration on the disrupting public services charge, to be served concurrently.  The court further ordered that Gooden serve an additional one-year sentence as a postrelease control sanction, consecutive to his domestic violence and disrupting public services sentences.  Gooden did not appeal the 2009 sentencing order.

{¶3}   In 2010, Gooden filed a motion to correct his 2009 sentence because he argued that his 2007 sentence was void due to a purportedly improper imposition of the three-year period of postrelease control.  From this premise, Gooden argued that his 2009 conviction imposing a sanction for violating postrelease control was also void.  We dismissed the appeal due to Gooden's failure to timely file a merit brief.

{¶4}   Gooden then petitioned this court for a writ of procedendo to compel the trial court judge to issue "a final, appealable order in his criminal case," contending that neither the 2007 nor the 2009 sentencing entry was a final, appealable order.  We dismissed this petition, and the Supreme Court affirmed the dismissal.

{¶5}   Gooden subsequently filed a motion in the trial court to correct his 2009 sentence. The trial court denied this motion on June 16, 2011.  Gooden filed a timely notice of appeal from the trial court's order and presents one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT DENIED GOODEN'S MOTION TO CORRECT HIS UNLAWFUL SENTENCE.

{¶6}   In his sole assignment of error, Gooden argues that his 2007 conviction improperly imposed postrelease control, causing that portion of his 2007 sentence to be void. Therefore, Gooden argues that the trial court could not sentence him to a postrelease control violation sanction of one year in 2009, and that portion of his 2009 sentence imposing the one-year sanction must be vacated.

{¶7}   Pursuant to R.C. 2929.141, "Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control," and the court may then either "impose a prison term

for the post-release control violation" or "impose a sanction under sections 2929.14 to 2929.18 of the Revised Code[.]" Here, the trial court, having determined that Gooden was on postrelease control at the time of his 2009 conviction, imposed upon him a one-year prison term for the postrelease control violation pursuant to R.C. 2929.141.

{¶8} In reviewing this Court's dismissal of Gooden's petition for a writ of procedendo, the Ohio Supreme Court held that "[a]lthough Gooden's original sentence in 2007 may have been defective in the imposition of postrelease control, his 2009 sentence included the correct terms of postrelease control." *State ex rel. Gooden v. Teodosio*, 128 Ohio St.3d 538 (2011). Further, the Court determined that "[i]nsofar as Gooden claims that [the trial court] improperly enhanced his 2009 sentence based on Gooden's violation of his 2007 postrelease control, he had an adequate remedy by way of appeal from the 2009 sentence to raise that issue." *Id.*

{¶9} However, as noted above, Gooden did not directly appeal from his 2009 sentence. It is long-standing precedent in Ohio that res judicata bars the consideration of issues that could have been raised on direct appeal. (Citations omitted.) *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16-17. However, principles of res judicata do not apply to review of void sentences. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph two of the syllabus. Gooden cites *Fischer* for the proposition that his 2007 sentencing entry was void to the extent that it improperly imposed postrelease control. *See Fischer* at ¶ 26 ("when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside"). Gooden argues that, to the extent that the court's 2007 sentencing entry imposed postrelease control, it is void because the trial court failed to set forth that his third degree felony conviction included physical violence or a threat of physical violence and because the entry did not set forth possible consequences resulting from a violation of

postrelease control. Gooden then cites the Fifth District's holding in *State v. Henderson*, 5th Dist. No. 10-COA-012, 2011-Ohio-1791, to support his contention that res judicata does not preclude review of a postrelease control sanction where the underlying term of postrelease control was improperly imposed.

{¶10} In *Henderson*, the defendant was convicted of a felony in 2007 while he was subject to postrelease control resulting from his previous convictions from 2002. *Id.* at ¶ 3, 18-21. The trial court ordered the defendant to serve an additional 659 days in prison as a sanction for the postrelease control violation. *Id.* at ¶ 22. The defendant appealed from his 2007 sentencing entry, and the Fifth District affirmed his conviction. *Id.* at ¶ 4. In 2009, the defendant filed a motion to correct his sentence, arguing that the underlying postrelease control notifications were void, and thus the trial court could not sentence him to a postrelease control violation sanction in 2007. *Id.* at ¶ 5. The trial court denied his motion, but the Fifth District reversed, noting deficiencies in each of the underlying postrelease control notifications, and determining that the defendant's previous sentencing entries were void insofar as these entries incorrectly imposed postrelease control. *Id.* at ¶ 22. Therefore, the Fifth District determined that the trial court erred in failing to correct his 2007 sentence, because the court lacked authority to therein impose a postrelease control sanction. *Id.* at ¶ 23.

{¶11} However, in *State v. Walker*, 5th Dist. No. 11-COA-046, 2012-Ohio-1513, the Fifth District recently noted a significant limitation to its holding in *Henderson*. In *Walker*, the postrelease control sentence at issue was imposed after the effective date of R.C. 2967.28. *Id.* at ¶ 21. Therefore, the court noted that the case fell "within the purview of R.C. 2967.28(B), which states a trial court's failure to properly impose postrelease control for sentences imposed on or after July 11, 2006 does not negate, limit or otherwise affect the mandatory period of postrelease

control for a felony of the third degree in the commission of which the offender caused or threatened physical harm to a person." *Id*. *See also* R.C. 2967.28(B). Thus, the Fifth District itself has specifically limited its holding in *Henderson* to those cases where the underlying period of postrelease control was imposed prior to July 11, 2006. *Walker* at ¶ 21. Here, Gooden was sentenced to three years of post-release control in 2007, and thus, any reliance on *Henderson* is misplaced.

{¶12} Therefore, pursuant to R.C. 2967.28(B), the errors alleged by Gooden as to the imposition of the mandatory three years of postrelease control do not affect the validity of the postrelease control so imposed. As there is no other basis on which Gooden challenges his 2009 conviction as void, his challenges to the postrelease control sanction could have been raised on direct appeal, and our review is barred by res judicata. Accordingly, Gooden's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOE M. GOODEN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.