FORT FRYE TEACHERS ASSOCIATION, OEA/NEA, ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* STATE EMPLOYMENT RELATIONS BOARD ET AL., APPELLEES AND CROSS-APPELLANTS.

[Cite as *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.,* 102 Ohio St.3d 283, 2004-Ohio-2947.]

(Nos. 2003–0207 and 2003–0254—Submitted December 16, 2003—Decided June 23, 2004.)

PFEIFER, J.

{¶ 1} We are asked to determine whether the State Employment Relations Board ("SERB") has discretion to find that an unfair labor practice ("ULP") has not been committed when a determination that an employer's motivation was improper cannot be contested because of issue preclusion. We conclude that it does not. We are also asked to determine whether a previously decided civil rights action necessarily precludes a party from seeking monetary damages before SERB. We conclude that it does not.

{¶ 2} In *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 396–397, 692 N.E.2d 140 ("*Fort Frye I*"), this court stated:

{¶ 3} "In their federal action, [Fort Frye Teachers Association, OEA/NEA, and Michael Rauch] sought damages for the School Board's violation of Rauch's freedom of association rights. The material issue was whether the School Board

nonrenewed Rauch's contract in retaliation for his exercise of the right to associate as protected by the First Amendment to the United States Constitution. The underlying facts substantiating the School Board's retaliatory motive centered around Rauch's union activities. The test for determining whether a violation of First Amendment rights, including associational rights, has occurred is found in *Mt. Healthy City School Dist. Bd. of Edn. v. Doyle* (1977), 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471. This case sets forth a "but for" test for establishing that an employee's exercise of First Amendment rights was violated by employer retaliation. [Footnote omitted.] This standard is a much stricter standard than Ohio's standard to determine whether an unfair labor practice charge has occurred. (See [*State Emp. Relations Bd. v.*] *Adena* [*Local School Dist. Bd. of Edn.* (1993) ], 66 Ohio St.3d at 495–497, 613 N.E.2d at 613–614, where we rejected the *Mt. Healthy* "but for" test applicable to First Amendment rights and established the "in part" test applicable to unfair labor practice proceedings. However, both standards revolve around the same factual issue, the employer's motivation.)

{¶ 4} "Similarly, in the state administrative action, the material issue was whether the School Board nonrenewed Rauch's contract in retaliation for his exercise of rights protected by R.C. Chapter 4117. As such, the essential facts regarding this issue concerned the same union activities engaged in by Rauch that were relied upon by the jury in the federal action. Since the same evidence would prove the underlying facts in each of these two proceedings, the issues are the same for purposes of applying the collateral estoppel doctrine.

{¶ 5} "We find that the collateral estoppel requirements have been satisfied. Thus, we conclude that the court of appeals properly applied collateral estoppel to the issue of the employer's motivation."

{¶ 6} This court concluded that on the finding regarding an "employer's motivation," established and not adequately rebutted in the federal action, the parties were collaterally estopped, and, therefore, the issue could not be further litigated on remand. Id., 81 Ohio St.3d at 397, 692 N.E.2d 140. Because an improper employer motivation "raises a presumption of antiunion animus," we impliedly considered that issue dispositive as to whether a ULP had occurred. Id., 81 Ohio St.3d at 394, 692 N.E.2d 140, fn. 2. See *Adena*, 66 Ohio St.3d 485, 613 N.E.2d 605, paragraph two of the syllabus. Nevertheless, we remanded the issue to SERB because it has "exclusive jurisdiction to decide whether unfair labor practices have occurred." *Fort Frye I*, 81 Ohio St.3d at 394, 692 N.E.2d 140.

{¶ 7} On remand, SERB dismissed the ULP complaint. Fort Frye Teachers Association and Rauch appealed from this decision to the Washington County Court of Common Pleas, which reversed SERB's dismissal pursuant to this court's holding in *Fort Frye I*. The common pleas court remanded the case to

SERB with an order that it find a ULP to have occurred. The common pleas court also held that the federal jury's determination of Rauch's damages was res judicata and that Rauch could not further litigate that issue. SERB appealed from the order that it was collaterally estopped from finding that a ULP had not occurred. Fort Frye Teachers Association and Rauch cross-appealed from the determination that the damages issue was res judicata. The Fourth District Court of Appeals affirmed the judgment of the trial court. All parties appealed.

{¶ 8} The case is now before this court upon the acceptance of a discretionary appeal.

{¶ 9} SERB's exclusive jurisdiction does not authorize SERB to overlook our determination that a dispositive issue is precluded from being rebutted. Out of respect for its exclusive jurisdiction in the matter, we did not direct SERB to make a specific ruling. Nevertheless, we affirm the judgment of the court of appeals, which held, "SERB was required to find that the School Board nonrenewed Rauch's teaching contract based in part upon Rauch's union activities. Because nonrenewal of a contract based upon an employee's union activities constitutes a ULP, SERB was likewise required to conclude that a ULP occurred."

{¶ 10} We now consider whether the issue of damages is also precluded. Collateral estoppel "precludes the relitigation of an issue that has been 'actually and necessarily litigated and determined in a prior action.'" *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, quoting *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 195, 2 OBR 732, 443 N.E.2d 978. As previously noted, in their federal civil rights action, appellants and cross-appellees "sought damages for the School Board's violation of Rauch's freedom of association rights." *Fort Frye I*, 81 Ohio St.3d at 396, 692 N.E.2d 140. In this case, appellants and cross-appellees seek damages for the School Board's commission of a ULP. R.C. 4117.11 and 4117.12. Nothing in the record suggests that the issue of damages caused by the ULP was "'actually and necessarily litigated and determined in a prior action.'" *Krahn*, 43 Ohio St.3d at 107, 538 N.E.2d 1058, quoting *Goodson*, 2 Ohio St.3d at 195, 2 OBR 732, 443 N.E.2d 978. Accordingly, the issue of monetary damages is not precluded, and we reverse the judgment of the court of appeals on this issue.

{¶ 11} We remand the cause to SERB for further proceedings consistent with this opinion.

> Judgment affirmed in part,
> reversed in part
> and cause remanded.

MOYER, C.J., RESNICK, F.E. SWEENEY, O'CONNOR and O'DONNELL, JJ., concur.

LUNDBERG STRATTON, J., dissents.

---

**LUNDBERG STRATTON, J., dissenting.**

{¶ 12} I do not believe that collateral estoppel precludes SERB from determining whether the school board's nonrenewal of Rauch's contract resulted in a ULP in violation of R.C. Chapter 4117.

{¶ 13} In *Fort Frye I*, I joined a dissent authored by Justice Cook in which she concluded that "collateral estoppel should not apply to mixed-motive cases under SERB's jurisdiction." *Fort Frye Teachers Assn., OEA/NEA v. State Employment Relations Bd.* (1998), 81 Ohio St.3d 392, 398, 692 N.E.2d 140 (Cook, J., dissenting). I continue to adhere to that well-reasoned dissent.

{¶ 14} I write here to re-emphasize my belief that requiring SERB to find that a ULP occurred based on the federal jury's determination that the school board violated Rauch's First Amendment rights encroaches upon SERB's "*exclusive jurisdiction* to decide matters committed to it pursuant to R.C. Chapter 4117." (Emphasis added.) *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87, paragraph one of the syllabus. In this case, SERB issued its initial order finding that the board's nonrenewal of Rauch's contract did *not* result in a ULP on July 22, 1991, which was a month *before* Rauch even filed his complaint in federal court. By eviscerating SERB's exclusive jurisdiction to determine a ULP, we permit employees to forum-shop their discrimination claims between federal courts and SERB, a situation that does not represent the intent of the General Assembly in resolving state labor claims. Therefore, I respectfully dissent.

---

Cloppert, Latanick, Sauter & Washburn, William J. Steele and Susan Hayest Kozlowski, for appellants and cross-appellees.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Stephen P. Carney, Senior Deputy Solicitor, Peter M. Thomas, Senior Deputy Attorney General, and Michael D. Allen, Assistant Attorney General, for appellee and cross-appellant State Employment Relations Board.

Whalen & Compton Co., L.P.A., G. Frederick Compton Jr. and Robert B. Kapitan, for appellee and cross-appellant Fort Frye Local School District Board of Education.