[Cite as *Harris v. Crosby*, 2012-Ohio-4288.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98030

## TABIOUS HARRIS

PLAINTIFF-APPELLEE

vs.

## KEVIN CROSBY, ET AL.

DEFENDANTS-APPELLEES

## [APPEAL BY AMERITEMPS, INC., N.K.A. EXTINCT TEMPS, INC.]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-736899

**BEFORE:** Boyle, P.J., Cooney, J., and Kilbane, J.
**RELEASED AND JOURNALIZED:** September 20, 2012

**ATTORNEY FOR APPELLANT**

L. Terrence Ufholz
Corsin, Sanislo & Ufholz, LLC
304 N. Cleveland-Massillon Road
Commonwealth Square
Akron, Ohio    44333


**ATTORNEYS FOR APPELLEES**

**For Tabious Harris**

Henry W. Chamberlain
Chamberlain Law Firm
526 Superior Avenue
620 Leader Building
Cleveland, Ohio    44114

**For Crum & Forster Indemnity Company**

Brandon M. Fairless
Gary W. Johnson
Weston Hurd LLP
The Tower at Erieview
1301 East Ninth Street, Suite 1900
Cleveland, Ohio    44114

**For State Farm Insurance Company**

James P. Carrabine
Carrabine & Reardon Co., LPA
7445 Center Street
Mentor, Ohio    44060
**For Kevin Crosby**

Kevin Crosby, pro se
180 East Broad Street
Columbus, Ohio    43215

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Ameritemps, Inc., n.k.a. Extinct Temps, Inc. ("Ameritemps") appeals the trial court's grant of summary judgment in favor of defendant-appellee, Crum & Forster Indemnity Company ("Crum & Forster"). Finding no merit to the appeal, we affirm.

## Procedural History and Facts

{¶2} In October 2006, four Ameritemps employees were traveling to a job site in a vehicle owned and operated by employee Kevin Crosby when the vehicle went left of center and struck another vehicle. At the time of the accident, Ameritemps carried a commercial auto liability policy issued by Crum & Forster. As a result of the accident, multiple lawsuits followed, including the underlying action commenced by Tabious Harris, a passenger in the vehicle.

{¶3} Harris sued Crosby for his negligent operation of the vehicle, alleging that he suffered severe and permanent injuries. Harris further alleged that Crosby was in the course and scope of his employment at the time of the accident, asserting claims against Ameritemps for vicarious liability and negligent entrustment. Harris further sued Crum & Forster, seeking to recover uninsured and/or underinsured benefits under the Crum & Forster policy covering Ameritemps.

{¶4} While the underlying action was pending, Crum & Forster separately filed a declaratory judgment action seeking a declaration that it did not have a duty to defend or indemnify Ameritemps against liability in this case (or the other personal injury cases)

because the plaintiffs, including Harris, were not covered under the policy. The trial court in the declaratory action ultimately agreed and declared that Crum & Forster had no duty to defend or indemnify.

{¶5} All of the defendants in the underlying case separately moved for summary judgment, which the trial court granted. Ameritemps appeals from the trial court's grant of summary judgment in favor of Crum & Forster, raising the following two assignments of error:

> I. The trial court should not have granted summary judgment to Crum & Forster. Once Ameritemps was granted summary judgment, the issue of coverage became moot.

> II. The trial court should not have granted summary judgment because issues of material fact exist to be determined by a jury.

{¶6} We will address these two assignments of error together because they involve the single issue of whether the trial court properly granted summary judgment.

## Summary Judgment

{¶7} We review an appeal from summary judgment under a de novo standard. *Baiko v. Mays*, 140 Ohio App.3d 1, 10, 746 N.E.2d 618 (8th Dist.2000). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997).

{¶8} Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine the following:

> (1) no genuine issue as to any material fact remains to be litigated,

(2) the moving party is entitled to judgment as a matter of law, and

(3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

*State ex rel. Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

**{¶9}** In its first assignment of error, Ameritemps argues that the trial court should not have reached the merits of Crum & Forster's motion for summary judgment once it determined that Ameritemps was not liable. It argues that the mootness doctrine precluded the trial court from considering the issue because there was no longer a "live controversy" between the parties. We find Ameritemps' argument misplaced. Crum & Forster moved for summary judgment on the claim asserted against it by Harris. Although the trial court's finding that Ameritemps was not liable would be an additional basis to find that Harris is not entitled to any benefits under the Crum & Forster policy, the finding in and of itself did not preclude the trial court from resolving the claim pending against Crum & Forster.

**{¶10}** Ameritemps next argues that the trial court should not have granted summary judgment because an issue of fact exists as to whether Harris is entitled to benefits under the policy. But in the companion appeal to this case — the appeal of the declaratory judgment action — this court has already decided this issue and determined that the vehicle operated by Crosby is not covered under the policy. *See Crum & Forster Indemn. Co. v. Ameritemps, Inc. a.k.a. Extinct Temps*, 8th Dist. No. 97843,

2012-Ohio-4160 ("declaratory action appeal"). Thus, under the doctrines of res judicata and collateral estoppel, which preclude the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action, our holding in the declaratory action appeal is dispositive of Ameritemps' second assignment of error. *See Ft. Frye Teachers Assn. OEA/NEA v. S.E.R.B.*, 102 Ohio St.3d 283, 2004-Ohio-2947, 809 N.E.2d 1130, ¶ 10.

{¶11} The two assignments of error are overruled.

{¶12} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
MARY EILEEN KILBANE, J., CONCUR