[Cite as *State v. Sweeting*, 2019-Ohio-1970.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-170512 |
| | | C-170513 |
| Plaintiff-Appellant, | : | TRIAL NO. B-1700599 |
| vs. | : | |
| | | *O P I N I O N.* |
| DEIONANDREA SWEETING, | : | |
| Defendant-Appellee. | : | |

Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Reversed and Cause Remanded in C-170513; Appeal Dismissed in C-170512

Date of Judgment Entry on Appeal:  May 22, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Law Office of Angela Glaser* and *Angela Glaser,* for Defendant-Appellee.

**ZAYAS, Judge.**

{¶1} On February 1, 2000, in Michigan, defendant-appellee Deionandrea Sweeting was convicted of two counts of criminal sexual misconduct, fourth-degree misdemeanors. He served three years in prison and was required under Michigan law to register as a sex offender quarterly for 25 years. He moved to Ohio in 2006. The Hamilton County Sheriff's Office classified Sweeting as a sexually-oriented offender under Ohio's version of Megan's Law. After Ohio enacted the Adam Walsh Act, the Hamilton County sheriff notified Sweeting that he was classified as a Tier III sex offender and lifetime registrant.

{¶2} Sweeting filed a petition to contest reclassification in the Hamilton County Court of Common Pleas in the case numbered SP-0800428. He also filed in that case a motion to terminate his registration requirement on the basis that he had "completed the 10 year registration, and finish[ed] the Sex Offender Program." Ultimately, on February 7, 2011, the trial court in the case numbered SP-0800428 entered an order determining that Sweeting was classified as a sexually-oriented offender under Ohio's version of Megan's Law, which required him to register annually for ten years. The order noted that Sweeting had been released from prison in Michigan on August 2, 2003, "triggering the period of registration for the underlying charges of his reporting requirement." The trial court went on in its order to find that Sweeting had been incarcerated various times in Ohio, which tolled the reporting requirement pursuant to former R.C. 2950.07(D), and therefore, Sweeting was required to register annually "until at least May 7, 2017," and that any additional periods of incarceration would toll the reporting requirements.

{¶3} On February 3, 2017, in the present case, Sweeting was indicted for failing to provide periodic verification of his current address on or about December

27, 2016. Sweeting filed a motion to dismiss the indictment, arguing that his ten-year duty to register had expired, which the trial court granted. The trial court also entered an order captioned "Entry Denying Motion for Credit of Time and Terminate Registration," which in the body states that the "motion is well taken, and is herein GRANTED." The state has appealed from the order granting the motion to dismiss the indictment in the appeal numbered C-170513 and from the order on the credit of time and the termination of the duty to register in the appeal numbered C-170512.

{¶4} The state's first assignment of error alleges that the trial court erred in granting Sweeting's motion to dismiss the indictment. The state argues that Sweeting already sought and obtained out-of-state registration credit in the case numbered SP-0800428, and that the trial court in that case correctly applied former R.C. 2950.07(D)'s tolling provisions and calculated Sweeting's registration credit. Further, the state argues that the court's order in that case required Sweeting to register "until at least May 7, 2017," and that since Sweeting was indicted for failing to register on or about December 27, 2016, the trial court in the present case clearly erred in dismissing the indictment.

{¶5} In the case numbered SP-0800428, Sweeting filed a petition for reclassification under former R.C. 2950.09(F) and a motion to terminate his registration requirement pursuant to former R.C. 2950.07(E). In his motion to terminate his registration requirement, he requested credit for the time he had registered in Michigan and argued that he had completed his registration requirement. The court ultimately granted Sweeting's petition for reclassification, entering an order classifying him as a sexually-oriented offender. The court's order also addressed the credit against his registration period that Sweeting had requested. The court applied R.C. 2950.07(D) and determined that Sweeting had a duty to register "once per year, until at least May 7, 2017." The order also stated, "Any

3

additional periods of incarceration will toll reporting requirements according to [former R.C.] 2950.07(D)."

{¶6}    The Ohio Supreme Court has stated, "In our jurisprudence, there is a firm and longstanding principle that final judgments are meant to be just that—final." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce, Div. of State Fire Marshal*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 22.  Collateral estoppel, also known as issue preclusion, "precludes the relitigation of an issue that has been 'actually and necessarily determined in a prior action.' " *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 102 Ohio St.3d 283, 2004-Ohio-2947, 809 N.E.2d 1130, ¶ 10, citing *Krahn v. Kinney*, 43 Ohio St.3d 103, 107, 538 N.E.2d 1058 (1989), quoting *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 195, 443 N.E.2d 978 (1983).

{¶7}    The court's determinations as to the amount of registration credit to which Sweeting was entitled and the length of his remaining reporting period were actually litigated and determined in the case numbered SP-0800428 and were valid and necessary parts of the court's final judgment in that case.  Therefore, Sweeting is precluded by collateral estoppel from challenging them in the present case.

{¶8}    Because the court in the case numbered SP-0800428 ordered that Sweeting's registration period runs "until at least May 7, 2017," the trial court in the present case erred in dismissing the indictment, which alleged that Sweeting had failed to verify his current address in December of 2016.  The first assignment of error is sustained.

{¶9}    The state's second assignment of error alleges, "The trial court erred to the extent that its 'entry denying motion for credit of time and terminate registration' indicates that the motion is granted."  The court's order states in the caption that the motion is denied, but states in the body that it is granted.  The record shows that the

trial court overruled the motion. The court stated, "So your two motions to credit time, denied. I'm dismissing your case. * * * I'm just dismissing this charge that he's got in case number B-1700599. If he still has to register, that's not – I didn't order anything on that. I'm just dismissing this charge. That's all." The state is not aggrieved by the court's order overruling the motion, and therefore, cannot appeal from it. *See Contract Carriers Assn. v. Pub. Util. Comm. of Ohio*, 140 Ohio St. 160, 42 N.E.2d 758 (1942), syllabus ("Appeal lies only on behalf of a party aggrieved by the final order appealed from."); *Young v. UC Health, West Chester Hosp., LLC*, 2016-Ohio-5526, 61 N.E.3d 34, ¶ 17 (1st Dist.). The state's appeal from the court's order overruling the motion must be dismissed.[1]

{¶10} In the appeal numbered C-170513, the judgment of the trial court dismissing the indictment is reversed, and this cause is remanded for further proceedings consistent with law and this opinion. The appeal numbered C-170512 is dismissed. We point out that the entry appealed from in C-170512 contains a clerical error in the body that should be corrected by the trial court.

Judgment accordingly.

**MOCK, P.J.,** and **BERGERON, J.,** concur.

Please note:
    The court has recorded its own entry this date.

---

[1] We note that the state filed a motion, which this court granted, for leave to appeal from the trial court's order "to the extent that the entry grants the defendant's motion." A review of the record shows that the trial court overruled the motion in its entirety. Therefore, the state is not an aggrieved party and there is no basis on which the state may prosecute an appeal from the court's order.