[Cite as *Reese v. Reese*, 2019-Ohio-2810.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JEFFREY A. REESE, | : | APPEAL NO. C-180077<br>TRIAL NO. DR1600595 |
| Plaintiff-Appellant, | : | |
| | : | *O P I N I O N.* |
| vs. | : | |
| JULIE A. REESE, | : | |
| Defendant-Appellee. | : | |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded; Appeal Dismissed in Part

Date of Judgment Entry on Appeal: July 10, 2019

*Cordell Law, LLP,* and *Dorothy Walsh Ripka*, for Plaintiff-Appellant,

*Tibbs Law Office, LLC,* and *Daryle C. Tibbs*, for Defendant-Appellee.

**CROUSE, Judge.**

{¶1}	Plaintiff-appellant Jeffrey Reese ("Jeff") appeals the Hamilton County Domestic Relations Court's final entry issued on December 14, 2017, and the entry granting plaintiff's "Motion for Relief with Findings of Fact and Conclusion of Law" entered on May 4, 2018.

{¶2}	In three assignments of error, Jeff argues that the trial court erred in granting his motion for relief from judgment based on mistake instead of fraud; the trial court improperly ordered him to pay a "distributive award" in the form of a lump-sum spousal-support payment; and the trial court erred when it found that defendant-appellee Julie Reese ("Julie") was not voluntarily underemployed and ordered Jeff to pay monthly child support.

## I. Facts and Procedure

{¶3}	The parties were married on August 24, 2002. Three children were born of the marriage. The parties separated on March 23, 2016, and Jeff filed for divorce on April 6, 2016. In August 2017, the Hamilton County Domestic Relations Court ordered shared parenting of the three children. On November 28, 2017, the court held a property trial to determine the issues of equitable property distribution, spousal support, and child support. The court issued a final entry on December 14, 2017. As relevant to this appeal, the court ordered Jeff to pay Julie a lump-sum spousal-support payment in the amount of $75,000, and monthly child-support payments in the amount of $1,014.50. The court also ordered that the parties' marital home be sold and the first $118,223.13 in proceeds to be paid to Julie's parents as repayment on a loan.

{¶4}	Jeff filed this appeal on February 8, 2018. The following day, Jeff filed a postdecree motion for relief from judgment pursuant to Civ.R. 60(B) in the trial court, contesting the grant of marital-home proceeds to Julie's parents. On March 2, 2018, Jeff

filed with this court a "Motion to Remand to Trial Court Pursuant to Civ.R. 60(B)." On March 21, 2018, this court granted Jeff's motion and remanded the matter for the limited purpose of permitting the trial court to consider Jeff's postdecree motion for relief.

{¶5}    On April 23, 2018, the trial court heard argument on the postdecree motion for relief from judgment pursuant to Civ.R. 60(B). The trial court issued an entry granting plaintiff's "Motion for Relief from Judgment Pursuant to Rule 60(B)" on April 24, 2018. Upon Jeff's request, the trial court subsequently issued an entry granting plaintiff's motion for relief from judgment pursuant to Civ.R. 60(B) with findings of fact and conclusion of law on May 4, 2018. Jeff now appeals both the final entry issued on December 14, 2017, and the entry granting his motion for relief entered on May 4, 2018.

## II.  Motion for Relief from Judgment

{¶6}    In his first assignment of error, Jeff argues that the trial court erred in granting his Civ.R. 60(B) motion for relief from judgment based on mistake instead of fraud.

{¶7}    During the April 23 hearing on his motion, Jeff asked the trial court to find he was entitled to relief from judgment under Civ.R. 60(B)(3) based on fraud, misrepresentation, or misconduct, or, in the alternative, under Civ.R. 60(B)(1) based on mistake. By its May 4 entry, the court concluded that Jeff was entitled to relief under Civ.R. 60(B)(1) based on the mistaken testimony of Julie and her mother. The court also granted Jeff attorney fees incurred in pursuit of the motion for relief.

{¶8}    "[A]n appeal lies only on behalf of a party aggrieved by the final order appealed from." *Ohio Contract Carriers Assn. v. Pub. Utilities Comm.*, 140 Ohio St. 160, 42 N.E.2d 758 (1942), paragraph one of the syllabus; *see Young v. Durrani*, 2016-

Ohio-5526, 61 N.E.3d 34, ¶ 17 (1st Dist.). Accordingly, a party who is not aggrieved or prejudiced by a judgment does not have standing to appeal. *See Young* at ¶ 17. Without standing, a party's appeal must be dismissed. *See State v. Sweeting*, 1st Dist. Hamilton Nos. C-170512 and C-170513, 2019-Ohio-1970, ¶ 9.

{¶9} Because Jeff is not an aggrieved party, his appeal from the trial court's entry granting relief from judgment must be dismissed.

### III. "Distributive Award" in the Form of Lump-Sum Spousal Support

{¶10} In his second assignment of error, Jeff argues that the trial court improperly ordered him to pay a "distributive award" in the form of a lump-sum spousal-support payment.

{¶11} A trial court has broad discretion in determining whether an award of spousal support is appropriate and the proper amount of the award. *Doan v. Doan*, 1st Dist. Hamilton No. C-960932, 1997 WL 602881, *6 (Oct. 2, 1997). A decision regarding spousal support will not be reversed on appeal absent an abuse of discretion. *Id.*

{¶12} The trial court is required to equitably divide marital property prior to making any award of spousal support "without regard to any spousal support so awarded." R.C. 3105.171(C)(3). Only after the court divides the parties' marital property may it determine whether to award spousal support. R.C. 3105.18(B). The record here indicates that the trial court divided the marital property equally between the parties before making an award of spousal support. However, the court improperly stated that the expenses incurred by Jeff, while insufficient to justify an unequal division of property and/or a distributive award, would be considered relevant to the manner in which the court addressed spousal support. The court subsequently issued spousal support, in the form of a $75,000 lump-sum payment, to be deducted from the equalization of marital assets and debts.

{¶13} Although the trial court may consider a party's financial irresponsibility in deciding to award spousal support as a lump-sum judgment, an award of spousal support is not a tool to punish financial irresponsibility. Our sister districts have made it clear that whether a party "deserves" spousal support is not a basis for awarding or denying support. Rather, the only relevant inquiry under R.C. 3105.18 is whether spousal support is appropriate and reasonable under the circumstances. *See Jordan v. Jordan*, 3d Dist. Hancock No. 5-03-07, 2003-Ohio-7116, citing *Schindler v. Schindler*, 9th Dist. Summit No. 18243, 1998 WL 46764 (Jan. 28, 1998) ("It is not significant whether the spouse 'deserves' the support; the only relevant question is what is appropriate and reasonable under the circumstances."); *Forbis v. Forbis*, 6th Dist. Wood Nos. WD-04-056 and WD-04-063, 2005-Ohio-5881 ("An award of spousal support, temporary or otherwise, should not be punitive or be based upon the conduct of a party. * * * Whether a party 'deserves' spousal support based on marital conduct is not a basis for awarding or denying support. The only relevant question is what is appropriate and reasonable under the circumstances of each case.") (Internal citations omitted.); *Utt v. Utt*, 7th Dist. Columbiana No. 02 CO 47, 2003-Ohio-6720 ("Under R.C. 3105.18, a trial court must base its decision to award or deny spousal support on whether it is appropriate and reasonable under the circumstances, not whether a spouse needs or deserves it. And whether a party deserves spousal support is not a basis for awarding or failing to award spousal support.") (Internal citations omitted.).

{¶14} In this case, it is clear from the record that the $75,000 lump-sum spousal-support payment was in essence a distributive award under the guise of a spousal-support award. During the divorce proceedings, Julie requested spousal support in the amount of $800 per month for four years, totaling $38,400. Under R.C. 3105.18(C)(1), the court found that Jeff withdrew a total of $22,677 from ATM

machines and spent $15,671 at Hooters. By seemingly adding the expenses incurred by Jeff during the marriage to Julie's request, the court ordered Jeff to pay Julie a $75,000 lump-sum payment. The payment was to be deducted from the total due from the equalization of marital assets and debts. Based on these facts, we cannot find that the spousal support was based solely on appropriateness and reasonableness. Rather, the record indicates that the spousal-support award was based on the need to punish Jeff's financial irresponsibility—a job best left to a distributive award. Accordingly, the trial court abused its discretion in awarding Julie a lump-sum spousal-support payment in the amount of $75,000. Jeff's second assignment of error is sustained.

## IV. Determination of Child Support and Voluntary Underemployment

{¶15} In his third assignment of error, Jeff argues that the trial court erred when it found that Julie was not voluntarily underemployed and ordered him to pay monthly child support.

{¶16} Whether a parent is voluntarily underemployed is a factual determination to be made by the trial court based on the facts and circumstances of the case. *Rock v. Cabral*, 67 Ohio St.3d 108, 112, 616 N.E.2d 218 (1993). A reviewing court will not disturb the trial court's determination on appeal absent an abuse of discretion. *Id.*

{¶17} Where shared parenting is ordered, the court must calculate child support in accordance with the child-support schedule and worksheet set forth in R.C. 3119.021. R.C. 3119.24. The amount of child support payable, as calculated pursuant to the child-support schedule and the appropriate worksheet, "is rebuttably presumed to be the correct amount of child support due." R.C. 3119.03. In calculating child support, the trial court must first determine the annual gross income of each parent. *Cwik v. Cwik*, 1st Dist. Hamilton No. C-090843, 2011-Ohio-463, ¶ 89. If the court finds that one parent is voluntarily underemployed, the court may compute the annual gross income of

6

that parent by adding any potential income he or she would have earned if fully employed to his or her annual gross income. R.C. 3119.01(B)(9)(b) and (17).

{¶18} "A voluntary reduction in income is not sufficient in and of itself to establish that potential income should be imputed to the parent." *Sweeney v. Sweeney*, 1st Dist. Hamilton No. C-180076, 2019-Ohio-1750, ¶ 27. Rather, the trial court's inquiry is two-fold. *Id.* First, the court must determine whether the reduction was voluntary. *Id.* Second, the court must determine whether the reduction was made with due regard to the parent's income-producing abilities and his or her duty to provide for the continuing needs of the children. *Id.* If the record demonstrates an objectively reasonable basis for reducing income, where reasonableness is measured by examining the effect of the parent's decision as it relates to the interests of the child, then the parent is not voluntarily underemployed for the purpose of calculating child support. *Id.*

{¶19} The parties do not seriously dispute that Julie's second leave of absence was taken voluntarily. However, the record amply supports a finding that the reduction was made with due regard for the continuing needs of the children. Julie has been employed as a financial risk consultant at Protiviti since February 2006. Prior to the birth of the parties' three children, Julie worked full-time. When the children were born in 2010, Julie took maternity leave for nine to ten months. In 2011, Julie returned to work part-time while also taking care of the children.

{¶20} In 2014, Protiviti asked Julie to work full-time due to a shortage of employees. Because the children attended preschool two days a week, and the parties had a nanny the other days of the week, Julie agreed. By May 2015, Julie "was starting to be completely burnt out. The client demands on top of the children, on top of everything else was just getting to be too much." A few months later, the children started kindergarten and the parties no longer had a nanny. Therefore, in addition to

7

working full-time, Julie also assumed responsibility for the house and children. Jeff worked long hours, and was often gone from 7:00 a.m. to 7:30 p.m.

{¶21} In January 2016, Julie took a second leave of absence after discussing it with Jeff and calculating a workable budget. When Julie returned to work later that year, Protiviti no longer needed her full-time. Instead, Julie returned to work part-time. Based on the foregoing, it is clear that Julie took the second leave of absence to properly care for the parties' three minor children. Therefore, the record supports an objectively reasonable basis for Julie reducing her income. Accordingly, the trial court did not err when it declined to find that Julie was voluntarily underemployed and ordered Jeff to pay $1,014.50 per month in child support. Jeff's third assignment of error is overruled.

### *V. Conclusion*

{¶22} Jeff's appeal from the trial court's entry granting relief from judgment is dismissed. The judgment of the trial court granting the divorce is affirmed in part and reversed in part, and the cause is remanded to the trial court for recalculation of spousal support in accordance with this opinion.

Judgment accordingly.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.